## ANDREW GIBBS *v.* BURR BENJAMIN.

### *Sale. Statute of Frauds.*

When any thing remains to be done by either, or both, the parties to a contract of sale, before delivery, the title does not pass.

So inflexible is this rule, that when the property has been delivered, if any thing remains to be done by the terms of the contract before the sale is complete, the title to the property still remains in the vendor. The contract must be *executed*, to effect a complete sale.

The mere delivery of goods to the vendee is not sufficient to take a case out of the statute of frauds; he must accept and receive them.

BOOK ACCOUNT. The facts reported by the auditor sufficiently appear in the opinion of the court. The court, at the March term, 1871, Rutland county, WHEELER, J., presiding, rendered judgment on the report for the plaintiff for the price of the wood sued for. Exceptions by the defendant.

*Joseph Potter* and *Edgerton & Nicholson*, for the defendant.

The *aggregatio mentium* necessary to constitute a contract, is wanting in this case. 4 Wheat. 228; 6 Wend. 103; *Vassor* v. *Comp*, 11 N. Y. 449; *Trevor* v. *Wood*, 36 Ib. 307; *Beabin* v. *Hyde*, 32 Ib. 519.

There was no agreement, because the minds of the parties could not meet till the quantity, price, &c., had been presented to each mind. The price depended upon the quantity, not yet ascertained. "If anything remains to be done, such as weighing, measuring, counting, and the like, the right of property does not attach in the buyer." *Murphy* v. *Hawthorn*, 8 N. Y. 291; *Hanson* v. *Meyer*, 6 East, 614; 1 Parsons Cont. § 4; 2 Kent Com. 495; *Whitehouse* v. *Frost et als.* 12 East, 614; 5 Denio, 379; 2 Hill, 137; Long on Sales, 267 *et seq.; Andrew* v. *Dietrich*, 14 Wend. 14; 15 Ib. 221.

The contract, if all its terms had been ascertained and assented to, was within the statute of frauds. To constitute a delivery and acceptance of goods such as the statute requires, something more than mere words is necessary. There must be in addition, acts of the parties amounting to a transfer of the possession and acceptance by the buyer. 32 N. Y. 519; 40 Ib. 519; 47 Ib. 449; *Shindler* v. *Houston*, 1 Comst. 162; *Ely* v. *Ormsby*, 12 Barb. 570; ——— v. *Phillips*, 14 M. & W. 277; *Phillips* v. *Bistolli*, 2 B. & C. 511; *Nicholle* v. *Plume*, 1 C. & P. 272; *Tempest* v. *Fitzgerald*, 3 B. & Ald, 680; *Carter et al.* v. *Toussaint*, 5 Ib. 855; 32 N. H. 49, 55; *Edgerton* v. *Hodge*, 41 Vt. 676; 25 Ga. 215; *Lucy* v. *McNeil*, 58 Barb. 241; Chit. Cont. 390.

The question of acceptance is one of fact; and no acceptance being found by the auditor, the plaintiff cannot recover. 32 N. H. 56–7.

*R. C. Abell*, for the plaintiff.

The auditor finds that the parties made a bargain, and states the terms thereof, which show that nothing further was to be done by the plaintiff, and that the delivery of the wood was complete. *Leonard* v. *Davis*, 1 Black, 483 ; *Evarts* v. *Butler*, Brayt. 216 ; *Hunt* v. *Thurman et al.* 15 Vt. 336, 343 ; *Bemis* v. *Morrill*, 38 Vt. 153, 155 ; *Fitch* v. *Burke*, Ib. 683, 688 ; *Scott* v. *Wells*, 6 Watts & S. 368 ; *Barrett* v. *Goddard*, 3 Mason, 112 ; *Gilmore* v. *Supple*, 11 Moore P. C., reported in 7 Am. L. Reg. (old series) 246 ; *Hanson* v. *Meyer*, 6 East, 614 ; *Parker* v. *Wallis*, 5 E. & B. 29 ; *Morton* v. *Tibbets*, 15 A. & E., N. S., 428, 440 ; *Bushell* v. *Wheeler*, Ib. 442 ; *Bradley* v. *Wheeler*, 44 N. Y. 502.

There was such an acceptance of the wood by the defendant, as to take the case out of the statute of frauds. *Shineller* v. *Houston, supra ; Chappell* v. *Marvin*, 2 Aik. 79 ; Browne Frauds, §§ 320-1-2 ; *Boynton* v. *Veazie*, 24 Me. 286 ; *Chaplin* v. *Rogers*, 1 East, 192 ; *Spencer* v. *Hale*, 30 Vt. 314, 317 ; *Whitwer* v. *Wyer*, 11 Mass. 6 ; *Marsh* v. *Hyde*, 3 Gray, 333 ; *Simmons* v. *Humble*, 106 E. C. L. 261 ; 3 Parsons Cont. 44 ; Hilliard Sales, 222.

When the quantity of the thing sold is agreed to be ascertained by count, weight, or measure, and there is an error in the count, weight, or measure, such error must be the proper subject for correction. *White* v. *Miller*, 22 Vt. 380, 387.

The opinion of the court was delivered by

REDFIELD, J. This action is book account to recover the price of cord wood alleged by the plaintiff to have been sold the defendant in April, 1869. Most of the wood was piled on the margin of Lake Champlain, on plaintiff's farm, in Benson, in this state  Two small parcels of the wood were on the opposite shore of the lake. About a week after the negotiation (which plaintiff claims was a sale), the wood was carried away by the flood of the lake, and lost. The report of the auditor gives a minute detail of every incident of the negotiation, and submits them to the court to interpret their legal effect.

The parties met at the instance of the plaintiff, and inspected the wood; after some discussion, it was agreed that the defendant should purchase the wood at $3.50 per cord, the defendant insisting that a portion of it was less than four feet in length, and that some abatement·should be made for such deficiency; to which the plaintiff did not assent. It was a part of the agreement, that the parties should meet and measure the wood, and accordingly, on the 19th day of April, 1869, they proceeded to measure the several piles of wood, each taking memoranda of the measurement as it proceeded. The defendant measured the *length*, and still claimed some abatement therefor. The plaintiff insisted that by the terms of the agreement, the wood was to be assumed to be four feet in length. " As it was getting dark when the measurement was completed, the parties went home, each with the figures for having a computation of the quantity of wood made therefrom"; and both parties expressed their inability to make the computation at the time. On the 21st of April, the defendant, with his son, went to the plaintiff's house, to see if they could agree about the quantity of wood that had been measured. The plaintiff had computed the quantity of wood at 204 cords and some feet; " but, by mistake, had omitted one pile, containing some 60 cords." The defendant informed the plaintiff that he made the quantity 246 cords, after abating five inches for deficiency in the length of some portion of it, and proposed to the plaintiff that he would take the wood at 246 cords, as he made it, or at 204 cords, as computed by the plaintiff. The plaintiff replied that he might have it at 204 cords, and the defendant agreed to take it. After the defendant left, the plaintiff discovered the mistake, and immediately notified the defendant that he could not have the wood at 204 cords. The defendant sent back word that he would again meet the plaintiff, and did so in the afternoon of the same day. Plaintiff declined to let defendant have the wood at 204 cords, but consented to throw off 5 inches in length from two piles. Defendant refused to take the wood, except at 204 cords. The auditor has stated many other incidents; but this is a substantial statement of the facts, as detailed by the auditor. It is not claimed that the two piles of wood across the lake were *de-*

*livered* to the defendant, either actually or constructively ; so the controversy is confined to the wood situate on the plaintiff's farm in Benson.

I.   The defendant *agreed to purchase* all the wood piled on the plaintiff's farm on the margin of the lake, at $3.50 per cord ; and if this comprised the whole case, it would be, in the language of Lord Brougham in the case of *Logan* v. *Lemesurier*, 6 Moore P. C., " Selling an ascertained chattel for an ascertainable sum" ; and by the rule of law applied to the sale of ponderous and bulky articles, such as wood, logs, coal, and the like, would effectually pass the property to the vendee.   *Hutchins* v. *Gilchrist*, 23 Vt. 88 ;  *Sanborn* v. *Kittredge*, 20 Ib. 639 ;  *Birge et al.* v. *Edgerton*, 28 Vt. 291.    But this case has other elements which impress upon it quite a different character.    It was part of the *contract* that the parties should *measure the wood* and ascertain the quantity.   They met for that purpose, and disagreed ; and that disagreement was as to the *substance* of the contract.    The plaintiff insisted that it was agreed and part of the *contract*, that defendant should take the wood at " running measure" ; the defendant claimed that he purchased solid cords ; and that issue grew into controversy, but was never settled.    The report does not state when the price was to be paid ; but in the absence of any special agreement, it is to be assumed that it was to be paid on delivery.

The principle is well settled, and uniform in all the cases, that when any thing remains to be done by either, or both, parties, precedent to the delivery, the title does not pass.    And so inflexible is the rule that, when the property has been delivered, if any thing remains to be done by the terms of the contract, before the sale is complete, the property still remains in the vendor.   *Parker* v. *Mitchell*, 5 N. H. 165 ;  *Ward* v. *Shaw*, 7 Wend. 404. The contract must be *executed*, to effect a completed sale, " and nothing further to be done to ascertain the quantity, quality, or value, of the property."   BARRETT, J., in *Hutchins* v. *Gilchrist*, *supra*.   " The general rule in relation to the sale of personal property, is, that if any thing remains to be done by the seller before delivery, no property passes to the vendee, even as between the parties."   POLAND, J., in *Hale* v. *Huntley et al.* 21 Vt. 147 ; Chit,.

Con. 396. This rule of law applied to the facts as reported in this case, retains the property in the wood in the plaintiff, and leaves the contract *executory*, and, as a sale, incomplete. The case of *Simmons* v. *Swift*, 5 B. & C. 857, is much like this, but much stronger in its facts. It was an action for the price of a stack of bark sold at £9 5s. per ton. After the sale, it was agreed between the parties that the bark should be weighed by two persons, each party to name one. Part of the bark was weighed and delivered; the residue was much injured by a flood, before it was delivered, and for that reason, the buyer refused to take it. The court held that the bark was to be weighed before delivery, to ascertain the price; and as that act had not been done, the property remained in the seller, and that he must bear the loss. This was not a case where a *portion* was sold to be measured or weighed from the bulk, which would have no *identity* until severed and set apart; but the whole stack was sold, and a portion weighed and delivered. The subject of the sale was "ascertained" and the price " ascertainable ;" yet the weighing was a thing to be done before the property passed to the purchaser.

In case of the insolvency of the defendant, it could hardly be claimed that the wood became part of his assets. Or if attached by his creditor, such creditor could hardly show a color of right, as against the plaintiff.

The plaintiff's counsel seem much to rely on the case of *Gilmore* v. *Supple*, 11 Moore P. C., reported in 7 Am. Law Reg. (old series), 246. In that case, the plaintiff sold a raft of lumber for a fixed price per foot, with specification of the measurement of each log, made by a public officer appointed for that purpose under the law of Canada, amounting in the aggregate to 71,443 feet, " to be delivered at Indian Cove booms." The seller conveyed the raft to the place of delivery, made it fast to the booms, and notified the servant of the purchaser of the delivery, who took possession of the same. The judge charged the jury, that " if there was an actual delivery at the place, into the possession of defendant's servants, the plaintiff was entitled to recover." The jury found for the plaintiff. Mr. Justice CRESWELL, in delivering the judgment, reviews, approvingly, the English cases of

18

*Hanson* v. *Meyer*, 6 East, 614, *Rugg* v. *Minett*, 11 Ib. 210, and *Wallace* v. *Breeds*, 13 Ib. 522, and *Simmons* v. *Swift, ut supra*, and says : "" If it appears that the seller is to do something to the goods sold on his own behalf, or if an act remains to be done by, or on behalf of, both parties, before the goods are delivered, the property is not changed." The learned judge then proceeds to show that the rule of law, well established by these cases, had no application to that case, and in conclusion says : " There was, therefore, nothing to be done by the seller on his own behalf; he · had ascertained the whole price of the raft by the measurement previously made ; he had conveyed the raft to Indian Cove, and, according to the finding of the jury, had delivered it there. Nor was there anything further to be done, in which both were to con- cur, as in *Simmons* v. *Swift.*" The plaintiff recovered because the sale was completed by delivery, and nothing further remained to be done.

II. We think this case within the statute of frauds. Our stat- ute is a substantial re-enactment of the 29 Charles II., and has received the same construction given to the English statute. *Spencer* v. *Hale*, 30 Vt. 314, was a book action for the price of a quantity of fence posts, inspected and purchased by defendant, to be delivered on the cars at Shaftsbury. The plaintiff delivered the posts on the cars furnished by defendant, at Shaftsbury, and they were conveyed to the defendant's residence in New York. The defendant claimed that he never " *accepted* " them. The case turned upon the effect of the statute of frauds. Chief Justice REDFIELD delivered the opinion of the court, holding that the re- ception of the posts on board the cars furnished by the purchaser, and the forwarding of them by the station-man, who, for that pur- pose, was his agent, was an *acceptance ;* and in defining the rule for compliance with the statute of frauds, says : " It is undoubt- edly true that the defendant, at the time and place, had a right to repudiate the posts after delivery. In other words, in order to perfect the case under the statute of frauds, something more is necessary than a mere *delivery* of the goods. In the language of the statute, the purchaser must ' accept and receive part of the goods.' " Authorities might readily be multiplied, affirming the

rule in substantially the same language ; but we recur to it as of acknowledged authority in our own courts. If we could hold in this case—considering the nature of the property sold—that there was a constructive *delivery ;* yet, under the statute of frauds, " the purchaser had the right, at the time and place, to *repudiate the wood after delivery."* And the auditor finds, distinctly, that the defendant, while the measurement was being done (an act provided for by the contract of sale), *refused* to take the wood upon the terms and conditions prescribed by the plaintiff; and the plaintiff, as distinctly, *refused* to let him have the wood upon the terms exacted by the defendant. It is not important which party was in the wrong. It is enough that the purchaser *refused* to " *accept* " the wood, to render the sale invalid under the statute of frauds.

The judgment, therefore, of the county court is reversed, and judgment on the report for the defendant to recover his costs.