## Case No. 5,269.

### GATES v. SMITH.

[See Case No. 5,286.]

---

## Case No. 5,270.

### GATES v. WINOOSKI LUMBER CO.

[18 N. B. R. 31.] [1]

Circuit Court, D. Vermont. April 2, 1878.

BANKRUPTCY — PROCEEDINGS BY ASSIGNEE TO RECOVER ASSETS—CONTRACTS.

An arrangement was entered into between defendant and a committee appointed by the bankrupt corporation, defendant, and the other owners, by which defendant was to furnish the lumber necessary to rebuild a dam owned by them all. Defendant furnished a part of the lumber, placing it where it would be taken for use on his land, but the dam was not rebuilt. Defendant proved his claim in the bankruptcy proceedings for the bankrupt's share of the purchase-price, but afterwards withdrew it, and neither the bankrupt nor its assignee ever paid anything for the lumber thus furnished or otherwise took possession of it. Subsequently, defendant obtained leave of the assignee to sell it, and promised thereupon to pay him his share of the avails; but after selling the same he refused, on demand made, to pay over plaintiff's share. In an action by the assignee to recover such share as money had and received to his use, held, that it was proper to submit to the jury the question whether anything remained to be done to this lumber by defendant before, under the contract, it was to be taken and used; that the question whether the title to the lumber passed to the bankrupt and therefore whether there was a consideration for defendant's promise, depended upon whether anything remained to be done by the seller.

[This was a suit by Joel H. Gates, assignee, against the Winooski Lumber Co.]

WHEELER, District Judge. This cause has been heard upon the motion of the defend-

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

[1] [Reprinted by permission.]

ant for a new trial, on account of alleged errors in matters of law at the former trial. The action is upon the common counts in assumpsit for money had and received to the plaintiff's use.

It appeared from evidence not contradicted that the defendant, conceding that the plaintiff, defendant, and others owned a lot of lumber together, obtained leave of the plaintiff to sell it, and promised thereupon to pay him his share of the avails; that the defendant did sell it and receive the avails and refused, on demand made, to pay the plaintiff's share to him. This evidence supported the declaration, and as it stood by itself the plaintiff was entitled to recover. It appeared further, however, that the defendant formerly owned the lumber; that a committee chosen by a corporation now a bankrupt, of which the plaintiff is the assignee, the defendant, and the other owners bargained with the defendant for the necessary lumber to be furnished by the defendant for rebuilding a dam owned by them all; and that this lumber was brought by the defendant and put where it would be taken for use, which was on the defendant's land, ready for use, according to the bargain, but the whole was not furnished, nor was the dam rebuilt. In the bankruptcy proceedings the defendant proved a claim for the bankrupt's share of the price, and afterwards, with leave of court, withdrew it, and neither the bankrupt nor the plaintiff ever paid anything for it or otherwise took possession of it.

The defendant claimed that upon the evidence the lumber never became the property of the bankrupt, and requested that a verdict be directed for the defendant. The court submitted the case to the jury, with directions to find whether anything remained to be done by the defendant to this lumber before, according to the contract, it was to be taken and used, and if there was anything so remaining to be done, to return a verdict for the defendant, but if not, for the plaintiff. The only error complained of is in these rulings. It was doubtful whether, as the evidence stood, there should not be a verdict for the plaintiff without reference to any question about delivery, as the defendant recognized the plaintiff's ownership by obtaining leave to sell under it and agreeing to pay over the proceeds of the sale. But there was then no controversy about the plaintiff's right, and no yielding or compromise that could form a consideration for the undertaking to pay over the share of the avails, and it was thought that, if the plaintiff had no title, there would be no consideration for that promise, and it could not be enforced, and so the question of delivery was submitted to ascertain whether the bankrupt really had acquired a title that passed to the plaintiff. When the plaintiff had shown the undertaking upon a consideration apparently good and ample, it lay upon the defendant to avoid the transaction in some way or submit to a judgment, and the only attempt to do so was by showing the facts, and when shown they had no effect towards defeating the plaintiff's claim unless they showed a want of consideration. And it was not for the plaintiff to show there was a consideration any further than that the defendant sold the lumber and received the avails, but after that it rested on the defendant to show that in fact the lumber, and consequently the avails of it, were its own. If the lumber had been delivered under the bargain with the committee of the owners of the dam, then the share of the bankrupt became vested, otherwise not. Nothing was shown whether credit was to be given or not. If not, the defendant was not bound to deliver the property until it was paid for, and the title would not pass without consent of defendant without payment. But the defendant has not shown any standing upon that right by refusal to deliver without payment. On the other hand, the proof of the claim, although it was withdrawn, tended to show that express credit was given or that delivery without payment was assented to. Altogether there is a clear failure to show that the property was withheld for want of payment.

If the whole quantity bargained for had been brought there would seem to have been no question at all about delivery. It was taken by the defendant from the other property of the defendant and placed where it was wanted by the purchasers under a contract of sale. But as part had been drawn, and part not, and it did not appear that the part drawn had been measured off at the time of the commencement of the bankruptcy proceedings, as of which time the plaintiff's title took effect, it was a little doubtful whether at that time there was not something remaining to be done about the property, by the seller.

That the question whether the title did pass or not depends, under such circumstances, upon whether anything remained to be done by the seller, appears clearly from Gibbs v. Benjamin, 45 Vt. 124, where the leading cases are ably brought together and reviewed, and that conclusion arrived at. That is doubtless the effect of the common law everywhere, and its effect as affected by a statute of frauds like that of Vermont wherever the common law prevails and there is such a statute, but whether that is so or not, that is a late and authoritative enunciation of the law of Vermont by the highest court of the state, and, as this is a question of property under the laws of the state, that statement of the law should control.

So if there was any question at all to be submitted to the jury upon the evidence, it was the one that was submitted, and that having been found for the plaintiff, it ought to end the controversy. Motion overruled and judgment on the verdict.

---

GATES (UNITED STATES v.). See Case No. 15,191.
GATE VEIN COAL CO. (DETMOLD v.). See Case No. 3,830.