## Case No. 737.

### BAILEY v. HENDERSON.

[9 Ben. 534.] [1]

District Court, D. Vermont. May, 1878.

BANKRUPTCY—CONDITIONAL SALE — MINGLING OF ASSETS—PREFERENCE.

Where a bankrupt made a conditional purchase of logs which were sawed at his mill, and, the conditions not being fulfilled, the seller, after insolvency of the bankrupt, took back a quantity of sawed lumber instead of his logs: *Held*, that while he had a right to take such share of the sawed lumber as was in proportion to his interest in the logs, the taking of the rest of the lumber by consent of the bankrupt after insolvency in settlement of his claim, was in effect to give him a preference, and rendered the transaction void.

[In bankruptcy. This was a proceeding by John Bailey, Jr., assignee in bankruptcy, against Charles T. Henderson, to recover the value of the bankrupt's interest in certain lumber. Decree for orator.]

E. W. Smith and W. L. Burnap, for orator.

Leslie & Rogers and Orin Gambell, for respondent.

WHEELER, District Judge. This cause has been heard on pleadings, proofs, and agreements.

The logs in question were to be delivered by the defendant to the bankrupt "at his saw-mill." They had not been delivered when the absolute sale was changed to a conditional sale. The first note, if received in payment, would take the cause out of the operation of the Statute of Frauds, but it would not obviate the necessity of delivery according to the contract. After it was received the defendant had the logs to haul to the mill in order to fulfil the contract. While that remained to be done, the sale was not executed. Gibbs v. Benjamin, 45 Vt. 129. Until it was executed, the parties could by mere agreement change it from an absolute to a conditional one. The bankrupt could sell them back and no delivery or change of pos-

---

[1] [Reported by Robert D. Benedict, Esq., and Benjamin Lincoln Benedict, Esq., and here reprinted by permission.]

session would be necessary. Having done that, he could buy them again conditionally. They did this in effect when they agreed to change the sale, and the lien reserved was valid. Wright v. Vaughn, Id. 369, differed from this case. There the property had been fully delivered before the parties to the sale undertook to change it.

This lien appears to have been recorded in ample season. The time begins to run from the delivery of the property, not the date of the lien. Laws Vt. 1872, p. 90.

These logs appear to have been mingled with others, and sawed and piled so the lumber could not be distinguished, with the consent of the defendant, by the bankrupt. Under these circumstances they owned the lumber in common in proportion to their respective interests in the logs. Inst. lib. ii. tit. I. § 27; 2 Kent, Comm. 364; Ryder v. Hathaway, 21 Pick. 298; Pratt v. Bryant, 20 Vt. 333. The share held by the defendant by virtue of his lien he had the right to take, as he did take. The rest of this common lumber, and some other, he appears to have taken in part payment of his claim, at a time when the bankrupt was insolvent, with such a view on the part of the bankrupt to give him a preference, and such knowledge of the purpose and of the insolvency on his part as to make the transaction void.

On these conclusions the orator, as assignee, is entitled to recover the value of the bankrupt's interest in the whole of the lumber taken. This is found at the price they agreed upon, with interest, to be $237.94. Let a decree be entered for the orator accordingly, with costs.