GRAND ISLE,
January,
1833.
                      ABRAHAM HILLIKER vs. SYLVIA LOOP.

The non joinder of one who ought to have been made a plaintiff may be ta·
ken advantage of on trial, notwithstanding it may be pleaded in abatement.

It is competent for the.parties in an action on book to testify as to the persons.
who. owned and sold the articles charged.

Plea of partnership between the plaintiff and another person and judgement
thereon, does not estop the party from insisting that there was a partnership
between the plaintiff and two others.

In the case of dormant partners an action may be brought on an implied
contract made with them, either in the name of the acting partner alone, or in
the name of all the partners; but if in the name of the latter the Court will see
that the defendant is not deprived of any defence which he would be entitled
to, if the action had been brought in the name of the acting partner alone.

In the case of joint owners of property sold by one, the purchaser not know-
ing that others were interested, an action for the price may be maintained in
the name of the person with whom the contract was made, or in the names of
the persons interested.

This was an action on Book which seems to have been
pending in the County Court. The defendant plead in
abatement, stating, that at the time of the delivery of the
article charged, the plaintiff, and one Joseph Tilitson.
were partners and joint owners of the same, and that the
property was delivered to the defendant as their joint prop-
erty, and not on the private account of the plaintiff. The
plaintiff replied, traversing the facts stated in the defend-
ant's plea. It would seem from an inspection of the pa-
pers that the plea in abatement did not prevail, and that a
judgement to account was rendered. By the report of the
auditor the following were the material facts which ap-
peared.

That some time previous to September, 1830, the plain-
tiff agreed with the defendant to furnish and deliver at the
grave-yard in Alburgh a set of Grave Stones, which were
to be lettered agreeable to a certain inscription furnished
by the defendant, and the defendant agreed to pay the
plaintiff $27 for the same. The plaintiff delivered the
Grave Stones agreeably to the contract.

The defendant then offered to prove that the plaintiff at
the time he sold and delivered the Grave Stones aforesaid,
was a partner in that business with Joseph Tilitson and
Joel Tilitson of Highgate, who are now living—or if not
actually partners, yet that the Tilitsons were joint owners
of the property aforesaid, with the plaintiff, and that it was

sold on their joint account; and for that purpose called

the plaintiff, who had not been sworn in the cause. To this the plaintiff's counsel objected, and contended that the defendant could not at this time avail herself of this defence; and if this defence did not come too late, yet that the plaintiff could not be called by the defendant, and made a witness to prove the aforesaid fact offered to be proved by the defendant. But the auditor overruled both these objections and the plaintiff was sworn.

From the testimony of the plaintiff, it appeared, that sometime previous to September, 1830 the plaintiff and J. & J. Tilitson, who were general partners in Marble business, and still being, entered into a contract by which it was agreed, that the Tilitsons were to furnish Grave Stones for the plaintiff, to be by him polished—that the plaintiff was to carve and letter them, with such inscriptions as should be furnished by the purchaser—that the plaintiff was to sell the Grave Stones, was to collect in all the pay for the Grave Stones so sold, and to pay over to the Tilitsons one half of all that was received for them; and if any debts were lost, the Tilitsons were to loose one half, and the plaintiff the other half. Nothing was said at the time of making this contract whether the Tilitsons should or should not have a right to collect or recover pay for Grave Stones sold by the plaintiff. The plaintiff sold all the Grave Stones received of the Tilitsons in his own name, and never made any contracts as partner of the Tilitsons, or signed any obligations as such. The Grave Stones in question were received of the Tilitsons under the contract made with them by the plaintiff as aforesaid.

Upon this state of facts the Auditor found for the plaintiff to recover the sum of $27, for said Grave Stones, and interest.

To the acceptance of the report, the defendant objected. 1st. That the action of Book Account cannot lie. 2d. That the plaintiff was a partner with J. & J. Tilitsons in the sale of the property. 3d. The plaintiff and said Tilitsons were jointly interested in the plaintiff's account. These objections prevailed with the County Court. Whereupon the plaintiff excepted to their decision, and the case is now presented for the consideration of this Court.

GRAND ISLE,
January,
1833.

Hilliker
vs.
Loop.

*Counsel for plt'ff.*—1st. It is contended that plaintiff and Tilitsons were not partners in the Grave Stones, for which this suit is brought, nor could they have maintained this suit as such ; for to constitute a partnership there must be a joint interest both in the purchase and sale of the partnership effects.   Wilsons Partnership 20 & 21 ; 1 Swift. Dig. 340 ; 4 Term. Rep. 720, *Savilla* vs. *Robinson & Hutchinson.*

Hilliker could not legally be made chargeable with the labor in quarrying the marble, nor for the use of Mill to saw it, nor for transporting the marble, nor any other expense until the marble had actually passed into his hands. And on the other hand Tilitsons could not legally be made chargeable for any polishing, lettering nor carving, nor for transporting the Grave Stones to the place of sale.

By the terms of the agreement between Hilliker & Tilitsons, Tilitsons could have no control over the Grave Stones after they passed into the hands of Hilliker ; nor could they dictate the price, the terms or time of payment, for this was wholly in the power of the plaintiff.   But in exchange for this privation the Tilitsons were to be shielded from troubles and dangers that otherwise they must have shared, viz. collecting in the debts, paying expenses in endeavoring to enforce a legal collection, which they must if joined in the collection have shared.   There were such stipulations in this agreement as excludes all idea of partnership.   There was no equality in the loss and gain as between the plaintiff and the Tilitsons.   Had there been a privity between the defendant and the Tilitsons in making the contract, it would alter the appearance of this defence.   But the contract was made without the defendant's knowledge that the Tilitsons were in any way interested in it.

2d. If the Tilitsons could be called partners at all, still they are dormant partners ; for in the words of the Report "the plaintiff sold all the Grave Stones received of the Tilitsons in his own name, and never made any contract as partner of the Tilitsons, or signed any obligations as such." And the Report shows that the contract was made solely between the plaintiff and the defendant, without any reference to the Tilitsons.   This, if partners at all, would make the Tilitsons dormant partners ; and the law is that

he who conceals his name while he is partner shall not come out in the collection of the debts. It would operate to effect offsets and surprise the other party, and has never been allowed. This has been expressly decided in the case of *Boardman* vs. *Keeler & Allen*, 2 Vt. Rep. 65 ; 1 Swifts Dig. 348.

GRAND ISLE,
January,
1833.

Hillikor.
vs.
Loop.

3d. The record in this case, shows that the defendant pleaded the nonjoinder of the Tilitsons in abatement before the County Court, and the plaintiff pleaded a replication traversing that plea, so that an issue was joined; and by a fair interpretation of the records below, this was the issue on which the Court gave judgement to account. If so, the defendant should have excepted to that judgement and in that manner brought the question to this Court.

The pleadings were all made and judgement rendered the same term of the Court, and it is contended that the defendant could not waive the pleadings without an order of the Court, and a repleader awarded ; and if the defendant disregarded the pleadings and issue, and suffered judgement to pass, the same question could not be raised by the defendant before the auditor. By the rules of the County Court, if either party party changes his pleadings he must file his plea and serve the adverse party with a copy 30 days before the session of the Court in which the cause is to be tried.

4th. The plaintiff could not be called as a witness by the defendant to prove the contract between himself and Tilitsons. This does not come within the statute authorising the examinations of parties in book actions.

*Counsel for defendant.*—In all cases of implied contracts the legal interest in the contract is vested in the person from whom the consideration moves. Hammond on Parties, 6, 11, 20; Goulds Plead. 196; *Teed* vs. *Elworthy*, 14 East. 210; 3 Espinas R. 248.

All persons legally interested in the contract must be joined in the action. Gould P. 272, 4; 1 Saund. 291; *Rice* vs. *Shute*, 5 Bur. 2611 ; *Dubois* vs. *Luderts*, 1 C. L. R. 207; Law. Plead. 108, 9, 309 ; *Scott* vs. *Goodwin*, 1 B. & P. 67, 73.

GRAND ISLE,
January,
1833.

Hilliker
vs.
Loop.

WILLIAMS, J.—The principal question which arises in this case is whether this suit can be maintained in the name of this plaintiff alone, or whether it should have been brought in the name of himself and Joseph & Joel Tilison. Other questions were raised before the auditor and have been made here. The decision of the auditor was right on those preliminary questions. The nonjoinder of a person who ought to have been made a plaintiff may be plead in abatement. It is more usual to take advantage of it on trial, as a ground of nonsuit for a variance between the declaration and the proof offered. This subject was fully considered in the case of *Scott* vs. *Goodwin*, 1 Bos. & Pull. 67. As it may be taken advantage of on trial, and was an answer to the whole demand of the plaintiff, it was a matter to which the parties, in an action on book might be examined on oath. The plea in abatement which was filed, set forth a partnership between the plaintiff and one of the Tilitsons only. The judgement thereon did not estop the defendant from insisting that the plaintiff and the two Tilitsons were partners.

On the principal question which has been raised here, we are of opinion that the action was well brought. The only ground, on which it could be insisted that the Tilitsons should have joined with the plaintiff, is, either that they were partners or joint owners of the demand in question. It is very doubtful whether the facts found by the auditor do not present a case in which the plaintiff must have sued alone; whether he was not the sole owner of the Grave Stones after they were lettered, or of the sum due for them after they were sold, and by his contract bound to pay the Tilisons one half of the gross amount of the sales for the stock advanced by them. The parties, however, have not argued the case on this ground.

Considering the Tillitsons as partners with the plaintiff, as the auditor finds that the plaintiff was to sell the Grave Stones furnished by them, and that he usually sold in his own name, they must be treated as dormant partners. It is true that the auditor does not find that their was any understanding that their interest in the concern should be concealed, or that the relation in which they stand to the plaintiff was not generall known, but he does find, that the

plaintiff usually sold and took notes in his own name, and it does not appear that the defendant supposed, or had reason to believe, that she was contracting with any other person than the plaintiff. If they were dormant partners, the rule is, that an action, particularly an action on an implied contract, may be maintained by the acting partner alone, or in the name of the acting and dormant. partners. The Court however will see, when the action is brought in the name of all the partners with whom in law the contract was made, that the defendant may make the same defence whether by offset or otherwise, as if the action had been brought in the name of the acting partner with whom the contract was actually made. *Lloyd* vs. *Archbowle*, 2 Taun. 324; *Leveck & Pollard* vs. *Shaftoe*, 2 Esp. 468. *Stacy, Ross et al* vs. *Decy*, note to the last case; *Cothay et al* vs. *Fennel et al* 10 Barn. & Cres. 671; *Robson & Sharpe* vs. *Drummond*, 2 Barn. & Ald. 303.

If we consider the Tilitsons as joint owners with the plaintiff of the property sold to the defendant, and of the demand for which this suit is brought, this action was rightly brought by the plaintiff alone. In the case of *Skinner et al* vs. *Stocks*, 4 Barn. & Ald. 437, it was decided that in case of joint owners, where a contract of sale was made by one, and the purchaser did not know that others were interested in the transaction, an action on such contract might be maintained either by the one with whom the contract was actually made, or in the name of the parties really interested. The case of *Lucas et al* vs. *Delacour*, 1 M. & S. 250, and the case of *Boardman* vs. *Keeler & Allen*, 2 Vt. Rep. 65, are also authorities in favor of the present action. Indeed it has appeared to me that the latter case is so precisely like the one under consideration, that it must be overruled if we decide in favor of this defendant.

In every view which we take of this case we can discover no valid objection against the plaintiff's maintaining this action. He either must have sued alone, or he might sue alone or jointly with the Tilitsons, and is therefore entitled to judgement on the report.

The judgement of the County Court is therefore revers-

GRAND ISLE,
January,
1833.

Hilliker
vs.
Loop.

GRAND ISLE, *January,* 1833.

Hilliker *vs.* Loop.

ed, and judgement must be entered for the plai cover the sum found due by the auditor..

*Harrington,* for plaintiff.

*Smalley & Adams,* for defendant..