### SHROPSHIRE v. SHEPPERD.

1. S agreed with R to furnish the goods of a mercantile establishment, which the latter undertook to sell, and receive for his services one half the profits; R furnished none of the goods, nor was he liable for any loss: *Held*, that R was not an ostensible partner of S.

2. It is not necessary to join a *dormant partner*, with an ostensible partner in an action against a person who dealt only with the latter.

THE defendant in error, declared against the plaintiff in the Circuit Court of Tallapoosa, for goods, wares and merchandize sold and delivered. The cause was tried on the pleas of *non assumpsit*, payment and former recovery.

On the trial, the plaintiff introduced one Rodgers as a witness, who executed to him a release of all his interest in the subject matter of the suit. The witness stated that a contract existed between himself and the plaintiff, whereby the latter was to furnish the goods of a mercantile concern, which goods the former was to sell, and in consideration of his services, he was to receive one half of the profits arising therefrom. The witness furnished none of the goods, and was not liable for any losses incurred in the prosecution of the business. Whereupon the defendant's counsel prayed the Court to charge the jury, that if they believed the statement of the witness, then he (the witness) was a co-partner of the plaintiff, and not being joined in the prosecution of the suit, the action could not be maintain-

ed, but they must find for the defendant; which charge, the Court refused to give: and thereupon, the defendant excepted.

A verdict being found for the plaintiff, and judgment thereon rendered, the defendant has sued a writ of error to this Court.

T. CLAY, for the plaintiff in error—cited Collyer on Part. 2, 8, 9, note (O) 14, 43; 1 McC. Chan. Rep. 218; 6 Conn. Rep. 347; 3 H. & Johns. Rep. 505; 19 Ves. Rep. 459.

HEYDENFELDT, for the defendant—relied upon Lloyd v. Archbowle, 2 Taunt. Rep. 324.

COLLIER, C. J.—We infer that the bill of exceptions recites all the evidence, which tended to establish a partnership between the witness and the plaintiff below. Without undertaking to consider, whether the facts are such as to show a partnership, so far as third persons are concerned, we are satisfied they do not warrant the conclusion, that the witness was an ostensible partner; and it may be conceded that he was a dormant partner, without affecting in any manner, the propriety of the refusal of the Judge of the Circuit Court to charge the jury as prayed. It has been repeatedly held, that it is not necessary that a *dormant partner* should join with an ostensible partner in an action against a person who *dealt only with* the latter. Collyer on Part. 393; Lord v. Baldwin, 6 Pick. Rep. 548. In the present case, there is no evidence in the record, that the defendant purchased goods of the witness as a tradesman, carrying on a business in which he was interested; and in the absence of proof to this point, we can make no such intendment.

No objection was made in the Circuit Court to the competency of the witness, but his testimony was permitted to be given without objection, and the Court was then asked to charge, that if true, he was a partner of the plaintiff, he should have been joined in the action. This charge, we have seen, was rightfully refused; and the consequence is, the judgment is affirmed.