CIRCUIT SESSION IN NOVEMBER, 1854; APRIL TERM, 1855;

AND

CIRCUIT SESSION IN SEPTEMBER, 1855.

---

PRESENT,

HON. ISAAC F. REDFIELD, CHIEF JUDGE.

HON. PIERPOINT ISHAM, }
HON. MILO L. BENNETT, } ASSISTANT JUDGES.

---

## BRYANT & STRAW *v.* SAMUEL A. CLIFFORD.

### *Book Account. Partnership. Offset.*

The costs and expenses of an arbitration, in which the submission was revoked by the opposite party before an award was made, is not a proper claim to be adjusted in the book action.

The defendant contracted with B., one of the plaintiffs, for a job of work which was performed by both of the plaintiffs who were partners, and in whose behalf B. contracted The existence of the partnership was not generally known, and was not known to the defendant at the time of the making, or during the performance of the contract which he

supposed he made with B. alone, and which he was induced to make on account of an indebt-edness of B. to him. *Held,* that the defendant was entitled to the same offsets in this action, in favor of both of the partners, that he would be entitled to in an action in favor of B. alone.

BOOK ACCOUNT. The plaintiffs' account, which was for work done by them as painters and glaziers, was allowed, by the auditor at $106.41. The defendant, presented an account, all of which, with the exception of the item No. 18, was against the plaintiff Bryant alone, upon which the auditor found there was a balance of $139.15 due, which he allowed in offset to the plaintiffs' account, subject to the opinion of the court upon the following facts: The plaintiffs entered into a partnership on the 18th day of March, 1850, and while in partnership, and soon after its commencement, they performed the work charged for in their account, under a contract made between the plaintiff Bryant and the defendant. Previous to the accruing of the account and the making of the contract, the defendant and the plaintiff Bryant had had deal for nearly two years, which was then unsettled, and upon it a balance of $52.22 was due to the defendant. The plaintiff Straw, for about one year previous, had been in the employ of Bryant at work by the month. At the time of making the contract with Bryant, and during the performance of the work by the plaintiffs, the defendant had no knowledge of the partnership, and made the contract solely with Bryant, supposing him alone interested in the matter, and with the expectation of turning the work in payment of the balance of $52.22, which was an inducement to him to make the contract.

All the payments made by the defendant, on account of said work, were made to Bryant in good faith, and were carried into the dealings between Bryant and the defendant, the same as he had kept his accounts with Bryant previous to the formation of said partnership. Straw never called upon the defendant for any pay on account of the work; he was present and talked about the work, and made some estimates at the time the contract was made, and both plaintiffs assisted in doing the work charged for in their account; and it did not appear that he had any knowledge of any indebtedness from Bryant to the defendant when the contract was made.

There was no publication of notice of the partnership in any

newspaper, and there was no evidence tending to show that said partnership was known to the public, except from the plaintiff Bryant, who testified that he supposed it was generally understood, when he made the contract with defendant. Bryant made the contract with defendant for himself and Straw, but this fact was not communicated to the defendant.

If, upon said facts, sufficient of the defendant's account could not properly be allowed in offset to that of the plaintiffs' to balance it, the auditor found that $90.00 of the defendant's account was for payments made by him to the plaintiff Bryant, on account of and for the work charged in the plaintiffs' account; that upon that basis the balance due to the plaintiffs would be $16.41, together with $2.30 for interest, making $18.71.

Item No. 18, in the defendant's account was for his costs and expenses, upon a submission to arbitration which was entered into by the parties and was revoked by the plaintiffs before an award. The auditor disallowed the item on the ground that it was not a proper item of book charge.

The county court, September Term, 1852, — Peck, J., presiding, — rendered judgment for the plaintiffs to recover $18.71. Exceptions by the defendant.

*L. Henry,* for the defendant.

*T. P. Redfield,* for the plaintiffs.

The opinion of the court was delivered by

Bennett J. Item No. 18 in the defendant's account, was properly disallowed. The claim for costs which accrued in an arbitration is simply a claim for damages for the breach of an executory contract, though they may be measured in dollars and cents, it is true, but this does not make the claim a proper one to be adjusted in the book action.

The more important question is, can the defendant use his account against Bryant, as a defence to this action brought by Bryant & Straw? Though at the time the contract was entered into between Bryant and the defendant, Bryant and Straw were partners, yet this was not known, at the time, to the defendant, and he supposed he was contracting with Bryant alone; and during the performance

of the work he supposed Bryant was alone interested, and had no knowledge of a partnership; and it is found that the defendant was induced to enter into the contract with Bryant, because he owed him a balance on book. Bryant ostensibly acted for himself. Nothing was said about his having a partner, nor was it generally known that he had one. Though Straw was present when the contract was made, talked about the work, and made some estimates, and eventually assisted in doing the work; yet this was consistent with his being a journeyman to Bryant, in which capacity he had served him for about one year before.

This was no notice of the existence of the partnership to the defendant, nor enough to put him on inquiry. Though an action may, on such a state of facts, be brought by the partnership, yet the court will see that it is not done to the prejudice of the defendant, and he will be allowed the same defence, whether by set off or otherwise, that he might have had, if sued by Bryant alone. See *Hilliker* v. *Loop*, 5 Vt. 121, and cases there cited; and the set off need not have arisen, in this case, after the contract was made with Bryant. In the case of *Lime Rock Bank* v. *Plimpton et al.*, 17 Pick. 159, it was held, that, in a suit by the principal, the defendant could not be defeated of a legal set off against the agent who loaned the money, which existed at the time the loan was made. The defendant was allowed to detain, to the amount of his claim, against the agent. As, in the case at bar, the defendant was induced to make the contract with Bryant, on account of his claim against him, it would be eminently unjust to deprive him of his defense by reason of this action being in the name of Bryant & Straw, when Straw must be regarded in the light of a secret partner when the contract was made with Bryant and the services rendered.

The judgment of the county court is reversed, and judgment rendered, on the report, for the defendant to recover his costs.