L. P. WAITE & Co. *v.* H. P. & G. W. DODGE.

*Partnership. Joinder of Parties. Pleading.*

A dormant partner need not be joined in a suit in favor of the firm against their debtor.

Waite et al. *v.* Dodge et al.

A partner whose name is not known or used in the business of the firm, is a dormant partner.

An ostensible though nominal partner, having no interest in the firm, may yet be joined in a suit in favor of such firm.

BOOK ACCOUNT. Among other things the auditor reported as follows :

" I find that the plaintiffs were partners under the firm of L. P. Waite & Co., doing business at Weston in this State, and that from the spring of 1853, before any of the items of said account accrued, up to July, 1854, one A. W. Pierce was also a partner in the said firm of L. P. Waite & Co., that he assisted in the store of the firm in buying and selling goods and produce, but that his name was not used or known in the business of the firm. I also find that A. L. Waite, one of the plaintiffs, ceased to have any actual interest in said partnership, about the same time Pierce left the firm, July, 1854, but that the business was afterwards carried on at the same place by L. P. Waite, under the name of L. P. Waite & Co., and no notice was given to the defendants or the public of any change in said firm.

Items of plaintiffs' account amounting to $237.09, and of defendants' account amounting to $235.08, accrued during the time Pierce was a member of the firm of L. P. Waite & Co.

*Stoughton & Grant*, for the defendants.

*Butler & Wheeler*, for the plaintiffs.

ALDIS J.    The defendants claim that the plaintiffs can not recover any portion of their accounts, because A. W. Pierce was an active partner of the plaintiffs' firm when the first part of the account accrued, and should have been joined in a suit on that portion of the account ; and that A. L. Waite, one of the plaintiffs, was not a partner when the rest of the account accrued, and therefore that a suit for that part of the account should be in the name of L. P. Waite alone.

1. We think A. W. Pierce is to be regarded as a dormant partner. " His name was not known or used in the business of

the firm." This we think means more than that his name did not appear in the firm,—it is that his name was not known in the *business* of the firm. He may have aided in doing the business of the firm and yet not have been known as a partner, but only as a clerk or agent. If a dormant partner, the suit as to so much of their account as accrued while he was partner is well brought. The balance due on such portion of the account to the plaintiffs appears from the report to be two dollars and one cent. The plaintiff's account being $237.09, and the defendant's $235.08.

The remainder of the account appears to have accrued after both Pierce and A. L. Waite left the firm. Pierce was a dormant partner, but it would appear from the report, though it is not very clearly stated, that A. L. Waite was an actual, ostensible and known partner in the firm and that he remained as a nominal partner after he had actually retired from the firm. If he is to be treated as a nominal and ostensible partner when the last part of the account accrued, we think the action properly brought in his name,—though he has no interest in the account. It was once a matter of much doubt whether such a partner *must* not be joined. 1 Chitty's Pleadings, p. 12. 2 Campb. 302.

More recent decisions have established the doctrine that he need not be joined in the suit. 10 B & C. 20. 1 C. & P. 89. 1 Ch. Pl. 12. That he should be joined at all, having no real interest, would seem to be inconsistent with legal principle. But the alleged reason for joining him seems to be, that being a nominal partner the contract is nominally, and in the contemplation of law, made with him as one of the firm. The principle is recognized in 9 Vt. 109, *Lapham* v. *Green.*

It would seem therefore that there was no fatal misjoinder in bringing the suit in the names of A. L. Waite and L. P. Waite as partners,—and that the balance of the account may be recovered in the names of the plaintiffs.

The judgment of the County Court, therefore, should be reversed and judgment for the plaintiff to recover the sum of $53.92, being the balance found due the plaintiffs on account, (omitting the sum of $44.71,) with added interest and costs.

Judgment reversed.