### J. B. JONES v. M. J. HOWARD ET AL.

1. PARTNERSHIP. *Community of profits.*
   Community of profits is essential to the existence of a partnership as between the partners.

2. SET-OFF. *Nominal partner. Note payable to firm name. Demand against one.*
   A demand against one person cannot be set off against him and his nominal partner in a suit by them on a note made to the firm. A set-off must be against all the plaintiffs.

3. SAME. *Case in judgment.*
   M. took into his business his two clerks, H. and T. Their names appeared as partners, but they had no interest in the capital stock or profits, and were paid the same salaries as when clerks. J., becoming indebted to the firm, was sued by them, and attempted to set off a debt of M.'s which he had purchased before suit. *Held*, that the three plaintiffs were properly united as such, and, being in court, could not be turned out, and that the claim against M. could not be set off.

ERROR to the Circuit Court of Copiah County.

Hon. URIAH MILLSAPS, Judge.

On 12th April, 1875, M. J. Howard, George T. Howard, and John G. Taylor, partners, by their firm name and style of

M. J. Howard & Co., filed their declaration in assumpsit against J. B. Jones, on a promissory note, dated Gallatin, March 20, 1874, due Oct. 1, 1874, payable to M. J. Howard & Co., for $3,257.63, with ten per cent interest from date, signed, J. B. Jones.    The defendant pleaded *non assumpsit* and *payment*, and with the latter plea filed an itemized account of *set-off*, which was in form an account in favor of E. Hester against M. J. Howard & Co., and by Hester assigned to Jones before suit on the note.    And under the general issue the defendant gave notice that he would prove that the plaintiffs, before the commencement of the suit, were indebted to the defendant in the sum of $4,250, due on open account and account stated, which the defendant, on 15th December, 1874, had purchased from E. Hester, to whom the same was then due from the plaintiffs ; and would also show that the note sued on was at the time of its execution, and was at the time of suit, and always had been, the sole property of the plaintiff, M. J. Howard, and that the plaintiffs, George T. Howard and John G. Taylor, never had any claim to or interest in said note.

A jury being waived, the case was tried by the court, and from a judgment for the plaintiffs the defendant brings it here.

The bill of exceptions taken to the order overruling the motion for a new trial shows that prior to March 1, 1871, M. J. Howard was in business alone, George T. Howard, his son, and John G. Taylor, his nephew, being his clerks, at a salary of fifty dollars a month ; that at that time the name in which the business was conducted was changed to M. J. Howard & Co., the name in which goods were bought, and by which the concern was known to creditors and customers. The understanding between the parties at the time the firm name was changed was, that the old business should be wound up, and then George T. Howard and John G. Taylor were to carry on the business, M. J. Howard retiring.    In the old business, in the mean time, they were to have no interest in the capital stock or in the profits, but were to continue to receive their salaries as clerks.    The debt for which the note sued on was given was contracted by Jones dealing with the firm of Howard & Co., and knowing at the time who composed it.

The account attempted to be set off consisted of an indebtedness due from M. J. Howard to E. Hester previous to March 1, 1871, and an account for cotton sold to M. J. Howard & Co., by E. Hester, subsequent to 1st March, 1871. On this account appeared credits in favor of Howard & Co., to an amount equal to the cotton sold subsequent to March 1, 1871.

On May 1, 1872, M. J. Howard, without the knowledge or assent of George T. Howard, or John G. Taylor, rendered to E. Hester an account as follows:—

Ephraim Hester, *in account with* M. J. Howard & Co. 1872.

| | | |
|---|---|---|
| May 1. By amount balance to March 1, 1871 . . . . . . | | $4,151.85 |
| „ interest . . . . . . . . . . . . . | | 415.18 |
| | | $4,567.03 |
| To amount of store account . . . | $272.68 | |
| „ cash for Zack Martin . . . . | 30.00 | |
| | $302.68 | |

The amount, $4,567.03, consisted, as was proved, entirely of a debt due to Ephraim Hester, from M. J. Howard, as an individual, prior to 1st March, 1871; and this constituted the first part of the account which had been set up as a set-off, as before stated. George T. Howard and John G. Howard had no notice of the existence of this debt until October, 1874, when Hester stated that he did not look to Howard & Co., but to Howard, for the payment of this debt.

Hester assigned the above accounts to Jones prior to the commencement of the suit. Both Howard and Howard & Co. were then and are now insolvent.

*Tim. E. Cooper*, for the plaintiff in error.

The case presents but three points for adjudication:—

1. Were George T. Howard and John G. Taylor partners *inter se* with M. J. Howard, or were they only nominal partners?

2. If they were only nominal partners, can the defendant Jones set off in this action the debt due him from M. J. Howard?

3. If John G. Taylor and George T. Howard are partners in the firm of Howard & Co., or if, being only nominal partners, the defendant cannot set off a debt due him from M. J. Howard, then the further question arises, whether the demand pleaded as a set-off by the defendant is the debt of Howard, or of Howard & Co.

(1.) What is a partnership is a question of law ; whether the evidence establishes the existence of this relationship is one of fact. Parsons on Partnership, 7.

Partnership is a contract, from which spring rights, duties, powers and liabilities of a peculiar nature, which exist from the beginning to the close of the relationship, and are essential to its existence, and, being essentials, their existence or non-existence has become the test of the existence or non-existence of the partnership itself. The most usual of all these incidents in commercial partnerships is the community of interest in the partnership property. Another incident which is found in all cases of partnership is that the profits of the enterprise are the joint property of the members. In this property the shares of the members may be unequal, but the community of interest must exist. Parsons on Partnership, 41 ; Collyer on Partnership, § 19. Every real partnership imports, *ex vi termini*, a community of interests in the profits of the business ; and this is of the very essence of the contract of partnership, for without this community of profits a partnership cannot in contemplation of law exist. Story on Partnership, § 18, note 4 ; 18 Ves. 300.

The evidence in this case is that the capital stock of Howard & Co. was the sole property of M. J. Howard, and that the profits of the enterprise were to be the property of Howard alone. If, then, the evidence shows that the essential incidents of partnership did not exist, the conclusion is inevitable, that George T. Howard and John G. Taylor were only nominal partners ; and this brings us to an examination of the second question.

(2.) If John G. Taylor and George T. Howard are only nominal partners, can Jones in this action set off the debt due him by M. J. Howard ? If he cannot, it must be because of some right either in the nominal partner, in some third per-

sons, *i.e.* creditors of Howard & Co., or because of the formal character of the action.

The right or equity of a partner to have the partnership property appropriated to the partnership debts is an incident of *partnership*, and arises from it : it is merely the right to have the *joint* property appropriated to the payment of the *joint* debts, and this equity does not extend beyond the *joint* property ; but in the case at bar, the debt sued for is the property of M. J. Howard, in which John G. Taylor and George T. Howard have no interest. They are only nominally interested, being only nominally partners. " A nominal partner is, in truth, no partner at ˙all." Collyer on Part. 92, note 4. No equity or right of appropriation can arise from the mere fact that these nominal partners are liable to third persons. " It is clear that a man may not be a partner as between himself and another, though he must be so considered with reference to third persons ; but was it ever decided that on that ground — that he is a partner as to third persons — he has a property in the effects of the partnership ? " Lord Eldon, in *Ex parte Hamper*, 17 Ves. 411. These nominal partners cannot be injured, unless they are forced to pay the debts ; and, if they are, they may sue M. J. Howard for the amount so paid. *Latham* v. *Keniston*, 13 N. H. 213 ; *Blackett* v. *Weir*, 5 Barn. & Cress. 385.

Jones cannot be defeated of his right to set off the debt of M. J. Howard because of any supposed rights of creditors of Howard & Co., because the creditors have no right or equity separate or independent of the partners. If the partners have none, the creditors have none. Parsons on Partnership, 502 ; *Campbell* v. *Mullett*, 2 Swanst. 586 ; Gow on Partnership, 341, 342 ; *Hoxie* v. *Carr*, 1 Sumner, 180 ; 8 Dana, 278 ; *Bell* v. *Newman*, 5 Serg. & R. 92 ; *Doner* v. *Stauffer*, 1 Penn. 198.

There is nothing in the form of the action to forbid the set-off. It is first urged that Jones, having executed the note to Howard & Co., believing at the time of its execution that George Howard and John Taylor were members of the firm, is bound to pay to them. The note is not payable to M. J. Howard, George T. Howard and John G. Taylor, by name,

but to Howard & Co. ; and Jones now only proposes to show that M. J. Howard *alone* is Howard & Co. The contract was with Howard & Co., whoever they were ; and a dormant partner might have joined in a suit on the note. Story on Partnership, § 241, note 2. M. J. Howard could have sued alone on the note. *Kell* v. *Nainby*, 10 Barn. & Cress. 20 ; *Glossop* v. *Colman*, 1 Starkie, 25 ; Story on Partnership, § 241 ; *Waite* v. *Dodge*, 34 Vt. 180. Even if the action is properly brought in the name of Howard, Taylor and Howard, still the real party in interest is M. J. Howard, and the set-off ought to be allowed. *Cowles* v. *Cowles*, 9 How. Pr. (N. Y.) 366. A debt due from the *cestui que trust* may be set off in an action brought by the trustee. *Campbell* v. *Hamilton*, 4 Wash. C. C. 92 ; 6 Serg. & R. 242.

(3.) Counsel argued that the evidence showed that the debt set off was really the debt of Howard & Co.

*Harris & George*, for the defendants in error.

1. In March, 1871, the business of Howard as an individual ceased, and a new firm was formed, — M. J. Howard & Co., — which was to wind up the old business, and pay the debts out of the assets. Eventually, the old man was to retire, and the two young men conduct the business. The partnership was really formed. The two young men were bound for the debts of the firm. They bought goods on the credit of the three partners. Jones understood them to be partners, and contracted the debt sued on with them as partners of the firm of M. J. Howard & Co., and knowing that the firm of Howard & Co. was insolvent, and that Howard was insolvent, to avoid paying the note to Howard & Co., bought up a large account of Howard, and sets it up as an offset against Howard & Co. in this suit.

2. There is no proof that John G. Taylor or George T. Howard ever became liable for this debt personally. The utmost proof in that way is that the debts owed by M. J. Howard in his old business were to be paid by selling goods belonging to the old firm. The individual debts of M. J. Howard were not assumed by the new firm.

3. The debt, then, is against M. J. Howard. The suit is by M. J. Howard & Co., composed of three persons. The debt

cannot be a set-off: it is not a mutual dealing. It is essential to a set-off that the demand should be against *all* the plaintiffs. A joint right cannot be defeated by a several demand against one of those entitled jointly.

4. It cannot be denied under the pleadings that this demand is joint. The plaintiffs sue as partners; their right to do so cannot be contested, except by plea under oath. *Anderson* v. *Tarpley*, 6 S. & M. 507.

5. The claim of the defendant is conditional. He bought for the purpose of having a set-off, and was not to pay if he failed. This is not right. Waterman on Set-off, § 59, and cases there cited; *Straus* v. *Eagle Ins. Co.*, 5 Ohio State, 59; 2 Ala. 675; 18 Ala. 314.

6. The account is made out against Howard & Co., but the proof shows that the main part of it — over four thousand dollars — was an indebtedness of M. J. Howard individually, contracted by him before the partnership was formed. The foundation of the debt was money, and cotton sold to M. J. Howard. The debt was unknown to the young men when they formed the partnership. The statement of balance due, dated in 1872, shows *on its face* that it is the balance due prior to the formation of the firm. It is the balance due on 1st March, 1871. The fact that, some year or more afterwards, M. J. Howard made out this account against the firm, without the knowledge or consent of the young men, cannot bind them to pay it.

CAMPBELL, J., delivered the opinion of the court.

1. George T. Howard and J. G. Taylor were not partners *inter se* with M. J. Howard, since there was not between them a *communion* of profit as such, but they were *nominal* partners.

2. The plaintiff in error cannot set off his claim against M. J. Howard, one of the defendants in error. A set-off must be against all the plaintiffs. It is the creature of statute, and to constitute set-off there must be *mutual* indebtedness. The debt set off must be one on which the defendant can maintain his action against the plaintiffs, for set-off is a *cross-action*, and must be properly brought in favor of the defendant against

the plaintiffs, where there are more than one. If the demand set off by the defendant exceeds that of the plaintiff, judgment is to be rendered in favor of the defendant against the plaintiff; and this shows conclusively that a set-off must be a demand on which judgment for any excess of it over the demand against the defendant can be rendered against all the plaintiffs. In *Cowles* v. *Cowles*, 9 How. Pr. (N. Y.) 361, cited by Waterman on Set-off and Recoup. § 219, it is held that, where it appears that one of several plaintiffs is the sole party in interest, the defendant may set off a demand against him as if he had sued alone; but this is placed on the provisions of the statutes of New York for dismissing from the action all the plaintiffs except the " sole party in interest," and allowing the set-off against him. This decision sustains the view that a set-off must be against all the plaintiffs. In the case at bar, the three plaintiffs are properly united as such, and the two nominal partners cannot be turned out of court, because they are properly in, and have the right to stay in to the end.

In an action by a partnership, in which a *dormant* partner joins as plaintiff, the defendant has been allowed by some courts to set off against the demand sued on any claim he could so use, if the partner with whom he dealt, in ignorance that he had a *dormant* partner, had sued alone; because otherwise great wrong might be done the defendant, who acted on the belief that he with whom he dealt had no partner. The principle of this is obvious; but it wholly fails of application in the case at bar, if it can be adopted by us in any case. The plaintiff in error knew that M. J. Howard, George T. Howard and J. G. Taylor were associated in business, under the name of " Howard & Co." He dealt with " Howard & Co.," and incurred liability to them. It is not necessary to disregard the statute of set-off to shield him from injury as the consequence of innocent ignorance. He promised to pay Howard & Co., knowing full well that the three plaintiffs were " Howard & Co." Let him pay them, or set off a demand against *them*. Although they are not partners, they are rightfully joint plaintiffs, entitled to maintain the action as such. *Hilliker* v. *Loop*, 5 Vt. 116.

3. The demand attempted to be set off is, under the evi-

dence, one against M. J. Howard, and not against " Howard & Co.," as to all of it bearing date prior to 1st March, 1871, . and, therefore, cannot be set off in this action.

These views render unnecessary the consideration of any other question.                    *Judgment affirmed.*