PLATT and another, Respondents, vs. THE IRON EXCHANGE BANK, Appellant.

*October 25 — November 15, 1892.*

*Parties: Dormant partners.*

The ostensible partners of a firm are trustees of an express trust, within the meaning of sec. 2607, R. S., and may sue upon a partnership demand without joining the dormant partners.

APPEAL from the Circuit Court for *Ashland* County.

The complaint alleges that the plaintiffs were at the times named, and are, copartners, doing business under the firm name of the United States Express Company; that other persons were and are associated with them as dormant partners; that such dormant partners are very numerous, and reside far apart, and that it is impracticable to bring them all before the court; that the plaintiffs sue, not only for the benefit of themselves, but for all of such dormant partners; that as such partners the plaintiffs were at' the times named, and are, engaged in the business of common carriers, as an express company, carrying property and parcels, including money, from place to place in the United States, and delivering the same to the persons to whom the same may have been consigned; that on September 20, 1889, the said plaintiffs, as such copartners and as such common carriers, had in their possession $41,700, having carried the same from Ashland to Hurley, and there deposited the same in the defendant bank for safe keeping; that the defendant negligently allowed said money, and all of it, to be stolen from said bank, for which amount the plaintiffs claim damages.

To that complaint the defendant demurred on the ground that there is a defect of parties plaintiff by the nonjoinder of said dormant partners. From an order overruling said demurrer the defendant appeals.

For the appellant there was a brief by *Quarles, Spence & Quarles*, and oral argument by *Charles Quarles*.

For the respondents there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *W. K. Gibson*.

CASSODAY, J.   It sufficiently appears from the complaint that the plaintiffs, *Platt* and *Crosby*, are the ostensible partners, and that all the other partners not joined as

plaintiffs are dormant partners. It is well settled at common law that a dormant partner need not be joined with his copartners in an action to recover partnership demands. *Bird v. Fake*, 1 Pin. 290; *Lloyd v. Archbowle*, 2 Taunt. 324; *Clark v. Miller*, 4 Wend. 628; *Shropshire v. Shepperd*, 3 Ala. 733; *Hilliker v. Loop*, 5 Vt. 116; *Wood v. O'Kelley*, 8 Cush. 406; *Waite v. Dodge*, 34 Vt. 181; *Garrett v. Muller*, 37 Tex. 589. Whether such action was brought in the name of the ostensible partners alone or in the name of all the partners, the same was without prejudice to any defense by way of setoff or otherwise. *Hilliker v. Loop, supra.* A dormant partner is one who takes no active part in the business of the firm, and whose name does not appear in the title of the partnership, and who is unknown to those who give credit to the firm. 17 Am. & Eng. Ency. of Law, 928. The reason why such dormant partners were unnecessary parties plaintiff seems to have been that the contract or transaction was, so far as the defendant was concerned, with such ostensible partners alone, and without reference to such dormant partners.

There is nothing in the Code to take away the force of such reasoning. On the contrary, it is expressly provided that "a trustee of an express trust . . . may sue without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another." R. S. sec. 2607. Thus it has repeatedly been held that a consignor or shipper is, by operation of the rule, regarded as a trustee of an express trust, like a factor or other mercantile agent who contracts in his own name on behalf of his principal, and hence, though not the owner, may sue the carrier for injury to or loss of the goods shipped during their transportation. *Hooper v. C. & N. W. R. Co.* 27 Wis. 91; *Waterman v. C.,*

*M. & St. P. R. Co.* 61 Wis. 464; *Salter v. Krueger,* 65 Wis. 217. In *De Wit v. Lander,* 72 Wis. 120, an ostensible partner was not joined, and hence the case is distinguishable. The same principles have been recognized, if not held, as applicable to the nonjoinder of dormant partners. *North v. Bloss,* 30 N. Y. 374; *Howe v. Savory,* 49 Barb. 403; *Nat. Bank v. Thomas,* 47 N. Y. 19; *Leslie v. Wiley,* 47 N. Y. 648; *Marvin v. Wilber,* 52 N. Y. 272. One or two cases are cited from the inferior courts of New York, which seem to justify the contention of the defendant; but we think it was not intended by the Code to work such change in the rules of pleading.

Here the money was deposited in the bank by the plaintiffs, as the only ostensible partners doing business in the firm name mentioned. As such ostensible partners they were certainly trustees and agents of such dormant partners. The defendant accepted the money from such ostensible partners, and without reference to such dormant partners. The defendant is answerable, therefore, if answerable at all, to the plaintiffs, from whom it received the money.

*By the Court.*— The order of the circuit court is affirmed.