BERT L. PERRY *v.* R. B. JAQUITH ET AL.

February Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON and POWERS, JJ.

Opinion filed May 20, 1913.

*General Demurrer—Necessity of Assigning Grounds—Attachment—Undertaking on Release of Property—Construction—Liability—Merger of Causes of Action.*

Under County Court Rule 10, cl. 3, and Supreme Court Rule 13 an exception to the overruling of a general demurrer that assigns no grounds cannot avail on review, where the record fails to show that any cause of demurrer was specified on the hearing below.

Where defendants, upon the attachment of the property of a corporation in a suit against it in favor of plaintiff, executed and delivered to plaintiff a writing, entitled in the cause, and reciting that "in the above mentioned cause" defendants, "in consideration of the release of all the property and moneys now under attachment," held themselves liable "to pay any judgment and costs" that plaintiff might recover against the corporation, not to exceed a designated amount, and thereupon and in consideration thereof plaintiff released from attachment the property referred to in the writing, but before the attachment suit could be proceeded with to judgment the corporation, by an injunction proceeding, forced plaintiff to litigate the cause in equity, where by crossbill he obtained a decree against the corporation, which expressly covered plaintiff's damages in his suit at law and provided for its discontinuance, the writing shows an undertaking by defendants to pay, to the extent of the amount named, not such judgment as plaintiff might recover in the particular suit, but any judgment he might recover on the claim in suit, and so it is immaterial that the judgment was obtained in chancery rather than at law, and the fact that the suit at law and the one in chancery were in different counties is of no significance.

Nor are defendants discharged by the fact that the decree in favor of plaintiff included claims in addition to the one in respect of which defendants' undertaking was given, their bill of exceptions

not showing whether plaintiff's claim in the suit at law was determined to be less or more than the maximum limit of defendant's liability.

The fact that plaintiff did not seek a writ of sequestration on the property will not· release defendants, especially in view of the fact that the execution issued on the decree was returned unsatisfied.

Nor are the defendants discharged by the fact that the decree for plaintiff also covers and adjusts claims of other persons, the bill of exceptions not showing that plaintiff's claim was not one that he might sue alone or together with such other persons.

ASSUMPSIT. Heard on demurrer to the special count of the declaration, at the April Term, 1912, Windham County, *Fish* J.; presiding. Demurrer overruled, to which the defendants excepted; and thereupon it was agreed that, without prejudice to the above exception, the facts should be taken to be as stated in the special count, and on that agreed statement of facts judgment was rendered for the plaintiff to recover $2,000 and costs, to which the defendants excepted. The opinion states the case.

*W. B. C. Stickney* for the defendants.

*Chase & Daley* for the plaintiff.

HASELTON, J. This is an action of assumpsit containing a special count and the general counts. To the special count the defendants demurred, and to the general counts they pleaded the general issue. The demurrer to the special count was overruled and the defendants excepted.

Without prejudice to the exception to the overruling of the demurrer it was considered, by agreement of parties in order that the case might be finally disposed of here and without delay, that the facts are as stated in the special count, and further that the plaintiff undertook, after the injunction mentioned therein and before the trial in the court of chancery referred to in the special count, to secure a trial in the county court but failed. On such facts judgment was rendered for the plaintiff to recover $2,000 and his costs. To this judgment the defendants excepted.

The exception to the overruling of the demurrer is of no avail for the demurrer was general and the grounds relied upon were not assigned.

County Court Rule, 10, Clause 3; Supreme Court Rule, 13.

It does not appear that the county court waived its rule since for anything that appears the demurrer was overruled because the grounds of it were not assigned. However this may be, our rule provides that "when a demurrant is the excepting party he will not, without leave, be heard upon any cause of demurrer not shown by the bill of exceptions to have been especially pointed out on the hearing below." Here the bill of exceptions does not show that any cause of demurrer was especially pointed out on the hearing below and leave to be heard was neither granted nor asked. The rules above referred to were in force when the proceedings below were had.

We come now to the facts determined in the manner already stated. The plaintiff, Perry, sued the O'Brien Lumber Company, of Plymouth, attached its property and entered the suit in the Windham County Court, where it is still pending. After the attachment and for the purpose of releasing the property from attachment the defendants executed and delivered to the plaintiff a writing which was entitled in the cause and which reads as follows: "In the above entitled cause we the undersigned, in consideration of the release of all property and monies now under attachment do hold ourselves liable jointly and severally to pay any judgment and costs which the said Perry may recover from the said O'Brien Lumber Company; said sum not to exceed two thousand dollars ($2,000) and costs." Upon receiving this writing the plaintiff in consideration of the agreement by the defendants therein contained and in reliance thereon and in consequence of the inducement thereof released from attachment the property referred to in the writing. The writing is not a bond, but it and the release made in reliance thereon constituted a contract executed on the part of the plaintiff by the release. Thereafter the O'Brien Lumber Co. brought a petition in the court of chancery against the plaintiff, Bert L. Perry, and against Milon F. Perry and Philura A. Perry, and in this chancery suit such proceedings were had that the plaintiff was enjoined from proceeding with his suit at law and was ordered to try out, in the chancery suit, all the matters and things em-

braced in the suit at law. Crossbills were filed in this chancery suit and the plaintiff, Bert L. Perry, and the other Perrys named, obtained a decree against the O'Brien Lumber Company for $4,400 with interest and some costs. This decree covered "the damages of the plaintiff in his suit at law" in which the attachment in question was made, and in which the defendants delivered the writing in question to procure the release of the attachment, and that suit was ordered to be discontinued upon payment under the decree. The decree remains wholly unsatisfied notwithstanding all required steps for its enforcement by way of demand and execution; and the plaintiff has demanded of the defendants, and each of them, that they pay to him the sum specified in their written obligation, but they have neglected and refused so to do.

The defendants say that the writing declared on "contains no undertaking to pay but is a mere joint and several acknowledgment to pay any judgment and costs that said Perry may recover from the said O'Brien Lumber Company." But this is an undertaking to pay.

The writing is entitled in the cause, but the liability assumed by the defendants is not in terms limited to the payment of such judgment as might be recovered in the particular action, but is in terms to pay, within the limit named, any judgment which the plaintiff might recover from the O'Brien Lumber Company. We think that the fair and true construction of the undertaking of the defendants is that they were to pay, to the extent of the amount named, any judgment which might be recovered by the plaintiff on the claim in suit, and that the fact that the plaintiff was enjoined from proceeding in the suit at law and compelled to establish the claim in chancery did not discharge the obligation of the defendants, particularly since the decree in chancery provided for the discontinuance of the suit at law only upon payment of the decree.

Since the undertaking, however, is not to pay any judgment which Perry might recover against the O'Brien Lumber Company and since the decree against the O'Brien Lumber Company, which remains wholly unpaid, is expressed to be for damages in all matters in litigation between the parties mentioned and in any of the suits at law pending between them, the decree suggests that other claims and suits besides the claim and suit

to which the obligation of the defendants related were adjusted by the decree. Whether the claim in the suit to which the defendants' obligation related was determined to be less or more than the amount of the defendants' obligation we have no means of determining, and for anything that appears by the defendants' bill of exceptions the obligation of the defendants would be satisfied by the payment of a less sum than the maximum limit of their undertaking. But the defendants, the exceptants, are presumed to know how this is, and as they have not made this point we do not consider it.

The defendants say in effect that because the action or cause of action to which their obligation related is merged in the judgment they are released; but their obligation was to pay, not the claim but the judgment obtained upon it, and, as we have seen, it is immaterial in the circumstances that judgment was obtained in chancery rather than at law.

The fact is mentioned by the defendants that the suit at law was in one county and that in chancery in another county; but that is of no significance. The plaintiff sought to pursue his suit at law, but was enjoined from doing that and went into chancery as a defendant in the county where the law obliged him to go, and, being enjoined from pursuing his rights at law, he sought them through a crossbill in the court of equity where, by compulsion of law, he found himself.

The defendants also suggest that the plaintiff might have secured a writ of sequestration in chancery proceedings and so have secured protection equivalent to the benefit of the defendants' obligation. But there is no force in this suggestion, for the plaintiff had a right to rely upon the defendants' obligation.

The object of the agreement was to release the property, and if the plaintiff upon releasing the property from attachment, in consideration of the defendants' undertaking, had proceeded to sequester it in chancery proceedings his action would very likely have been a matter of just criticism. Besides when the decree in chancery was obtained and execution issued thereon no property of the Lumber Company could be found, and we are not warranted in assuming that any could have been found to sequester when the plaintiff was drawn into chancery. All inferences of continuity, if any were to be drawn, were for consideration below.

The defendants claim that, as their obligation ran to Bert L. Perry alone, they are under no obligation in respect to a decree in favor of Bert L. Perry and others, notwithstanding the fact that the decree covers and adjusts the claim made by Bert L. Perry alone in the action at law. But the fact remains that the sole claim for damages of Bert L. Perry is covered by the decree, and, as the bill of exceptions does not inform us as to the reason why Milon and Philura are made parties, the judgment will not be reversed if the claim may have been one which he might sue alone or together with them. And this may well have been the case for, to give an illustration, a dormant partner may or may not be joined.

*Hilliker* v. *Loop,* 5 Vt. 116, 121, 26 Am. Dec. 289; *Morton* v. *Webb,* 7 Vt. 123; *Lapham* v. *Green,* 9 Vt. 407; *Curtis* v. *Belknap,* 21 Vt. 433, 436; *Bryant* v. *Clifford,* 27 Vt. 664, 667; *Wait & Co.* v. *Dodge,* 34 Vt. 181.

*No ground for reversal is shown, and the judgment is affirmed.*