# RUTLAND COUNTY.

## JANUARY TERM, 1837.

PRESENT, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE, ⎫
" SAMUEL S. PHELPS, ⎬ *Assistant Justices.*
" JACOB COLLAMER, ⎪
" ISAAC F. REDFIELD, ⎭

### JESSE LAPHAM v. JOSEPH R. GREEN.

Rutland,
January,
1837.

The party in interest in a contract, resting in parol, may sue upon it.

In contracts, made by agents, without disclosing the principal, the suit, to enforce them, may be in the name of the principal or agent,

A dormant partner may join in a suit, or not, at the election of the plaintiffs.

In such cases, when the suit was not brought in the name of the party contracting ostensibly, the defendant will be entitled to make any defence, which he could have made, had the suit been in the name of the person, with whom the contract was made.

This was an action of book account. The only question, submitted to this court, arose in relation to an account of $44,86, which accrued while the business of the plaintiff, as a merchant, was carried on in the name of two of his brothers, Daniel and Anson, under the style of D. & A. Lapham,

It appeared that plaintiff had been in business as a merchant, for some years previous to Sept. 1827, at which time he hired

the two brothers above named, at a stipulated price, to carry on his business in their own names, in which they had no interest, except as mere agents, but, both by the plaintiff and them, it was distinctly notified to the world, that they were the sole owners of the business. At the end of one year, the plaintiff resumed the business in his own name.

The defendant had paid into the store, during that year, $9, 84, which had been credited on the books kept by D. & A. Lapham, and defendant had taken it from their books and charged it on his account.

The auditors disallowed both these charges, and found a balance for defendant. The county court allowed both the debt and credit, and gave a judgment on the report, for plaintiff, of $10,83. The case comes here for revision.

*S. Foot, for defendant.*

The manner, in which D. & A. Lapham conducted the business of the store, made them partners, at least, as between themselves and the world; (Gow on partnership, 11 and 15, inclusive, and the cases there cited,) and, as such, they assumed a joint responsibility.

As between themselves and the public, they were not the agents or factors of the plaintiff, nor doing the business under a commission for his benefit. Third persons would have no concern in, as they could have no knowledge of any private arrangement between the plaintiff and the ostensible firm of D. & A. Lapham, and their interest or liabilities could not be affected by any such arrangement.

The plaintiff having publicly announced the sale of his stock in trade to said firm, and having thus disclaimed all interest or connection in the business, he cannot afterwards come in and, by controverting his own declarations, claim an interest, in whole or in part, in the debts of third persons, contracted with the firm.

The legal interest in a simple contract resides with the party, from whom the consideration moves, notwithstanding it may enure for another's benfit. Hammond on parties, 6 & 7.

There was no privity of communication between the plaintiff and defendant, as to the account made with D. & A. Lapham; therefore, the plaintiff could not maintain a suit for it. 2 Taunt. Rep. 324. The plaintiff was a stranger to the consideration, and could maintain no action. 1 Str. Rep. 592. He cannot, therefore, have the account allowed him in this case.

This case differs from the case of *Hilliker* v. *Loop*, 5 Vt. Rep. 116, and the case of *Boardman* v. *Keeler & Allen*, 2 id. 65, inasmuch as the contract, in both those cases, was made with the plaintiff. In this case, the plaintiff was unknown in the contract, and had disclaimed all interest in the concern, and had asserted the entire interest to be in D. & A. Lapham, with whom the contract was made, or, in whose favor it would be implied. And to allow the plaintiff now to come in to falsify his own public acts and declarations, and to claim the benefit of a third person's liability, contracted under the faith of those very acts and declarations with a firm of his own creation, would be giving to imposition and fraud upon the public the countenance of judicial sanction.

*P. Smith, for plaintiff.*

I. The principal, and not the agent, is legally interested in a contract made by the agent; and this, when the principal is concealed. Chit. Pl. 5. Hammond on parties, 6, 32. *George* v. *Claggett*, 7 T. Rep. 359. *Wilson* v. *Poulter*, Str. 859. *Barber* v. *Dennis*, 1 Salk. 68. *Triswell* v. *Middleton*, Cro. Jac. 653. *Hilliker* v. *Loop*, 5 Vt. Rep. 116.

II. In this case, no injustice will be done to the defendant, since his set-off is allowed, the same as if the suit had been brought in the name of the plaintiff's agent.

The opinion of the court was delivered by

REDFIELD, J. In the case of a dormant partner, which is quite analogous in principle to the present, it has long been settled, both in this state and in Westminster Hall, that he may join, or not, at the option of the plaintiff, and, in either case, the joinder or omission is no ground of abatement, or nonsuit, or writ of error. *Skinner et al* v. *Stocks*. 4 B. & A. 437. *Hilliker* v. *Loop*, 5 Vt. R. 116, and cases there cited by the Chief Justice.

We consider it as well settled, that, when business is transacted in the name of those not interested, the action may be brought in the name of those in interest, without joining those, in whose name the contract was made, and the suit may always be brought in the name of the contracting parties. *Teed* v. *Elworthy*, 14 East 210. *Skinner* v. *Stocks, ubi sup. Glossop* v. *Coleman, et al.* Starkie's N. P. Cases, 25.

If an agent do not disclose his principal, the suit may be brought in the name of either. *Young* v. *Hunter*, 4 Taunton, 582.

Rutland,
January.
1837.

Lapham
v.
Green.

But in each of the above classes of cases, if the suit be not brought in the name of the person ostensibly contracting, the case must be held liable to every defence which would obtain, if it were so brought.   In this case, although the plaintiff at one time disclaimed all interest in this year's business, yet it is now shown that it was really his.   He was the party in interest and we see no reason why he should not recover.

Judgment of the county court affirmed.