## OLIVER C. WAIT v. SOLOMON JOHNSON.

*Book Account. Principal and agent. Disallowance of account. Auditors. Report.*

Where the plaintiff owned the business, and hired another to carry it on, and the defendant had business done, it is of no importance whether the defendant knew that the plaintiff owned the business, unless he has suffered loss by being misled in that particular.

Where the auditor simply states, that the account of the defendant is disallowed, without the facts or grounds upon which the disallowance proceeded, and it not appearing that the auditor was requested to state the facts found by him, in regard to the defendant's account,—*held*, that one of these things is indispensable, to show sufficient ground to set aside the report.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed, who reported the following facts:

That in the fall of 1844 or 1845, one James Shaw, a blacksmith by trade, built a blacksmith shop, on land owned by one Best, said Best having consented that said Shaw might do so. The said Shaw carried on business in said shop on his own account, as a blacksmith, for two years, and then rented said shop to one Fillemore, and hired himself to said Fillemore by the month. Fillemore carried on the shop about two years, and during said time, Shaw was the principal workman in said shop, but the work was done in the name, and on the sole account of said Fillemore. On the 12th of February, 1849, said Fillemore, left said shop, and surrendered the possession to Shaw, and said Shaw, from that time to the 18th day of July, 1849, carried on business in said shop on his own account, and in his own name, and during this time defendant

Johnson had work done at said shop, and there was an open account between said Shaw and Johnson, which was unsettled at the time of the audit. On the 18th day of July, 1849, the said Shaw rented said shop and the tools, and hired himself to the plaintiff, to work in said shop. The plaintiff took possession of the shop, and stocked the same with iron and coal, and carried on the blacksmith business, in his own name, until the 1st day of February, 1850, and during said time, employed the said Shaw, and paid him for his services by the day. While the plaintiff was thus carrying on business in said shop, and paying said Shaw, the account accrued against the defendant. The defendant supposed that said Shaw was doing business on his own account, and not on the account of the plaintiff. The plaintiff did not, at any time during the accruing of said account, give notice to the defendant, that said Shaw was at work in said shop for the plaintiff, nor did the defendant make inquiry of any person, on whose account said Shaw was at work in said shop. The contract between Shaw and the plaintiff was a verbal contract.

Judgment for the plaintiff on the report, and general exceptions by the defendant.

—— —— for defendant.

When a person deals with an agent, having no knowledge that he is such, he can apply any claim in his favor against the agent, in payment of a claim in favor of the principal, in a suit in the name of the principal, for articles delivered, and labor bestowed by the agent. *George* v. *Claggett*, 7 T. R. 355. *Kelley* v. *Munson*, 7 Mass. R. 324.

*L. E. Pelton* for plaintiff.

The general owner of property sold, or the person interested in labor performed, can always support his action therefor. *Lapham* v. *Green*, 9 Vt. 407.

And that the defendant did not know with whom he dealt, can make no difference, so long as no fraud was practiced upon him.

BY THE COURT. From the facts reported, there seems to be no doubt whatever, that the plaintiff is entitled to recover the amount of his account, allowed by the auditor, upon the facts re-

ported by him. The plaintiff owned the business and hired shop, and the defendant had the business done. It is of no importance whether the defendant knew that plaintiff owned the business, unless he has suffered loss by being misled in that particular, nothing of which appears. The only question, it seems to us, which could possibly arise in the case, is how far the defendant's account should have been allowed in offset. But in regard to this the report is wholly silent. It is simply stated, that the account was disallowed. The facts or grounds upon which the disallowances proceeded, are not stated, nor is it stated, that the auditor was requested to state the facts found by him, in regard to the defendant's account. One of these things is indispensable, to show sufficient ground to set aside the report.

Judgment affirmed.