Maynard and Edmunds *v.* Briggs.

---

A. B. MAYNARD AND G. F. EDMUNDS *v.* WM. P. BRIGGS.

*Book Account. Parties. Attornies. Negligence.*

Where M. was retained, as counsel in certain suits, by the defendant, before M. formed a partnership with E., and the services were performed by M. & E. after the partnership, and this was all known to the defendant, *it was held* that M. & E. could recover for the services thus rendered, in a joint action against the defendant.

Suits may always be brought, either in the name of the parties with whom the contract is made, or in the name of those legally interested, at the election of the plaintiff, when the defendant will not be embarrassed or in any way injured by such election of the plaintiff.

Where the defendant complained of negligence on the part of the plaintiffs, who were attornies, in the management of a suit, in which he had employed them, *it was held,* that negligence should have been distinctly found by the auditor, to deprive the plaintiffs of all recovery for services in the suit.

BOOK ACCOUNT. The auditor reported, among other things, that the partnership of Maynard and Edmunds was formed in April, 1849, and continued until the 20th day of November, 1851;

and that said Maynard was employed and engaged in two of the suits by Briggs, the defendant, before the said partnership was formed. The defendant insisted that the plaintiffs could not recover in this action for services in said two suits, but that the action must be in the name of Maynard alone. That Briggs knew of the existence of the said partnership, and of the fact of Edmunds' connection with said suits, and of his making preparation for trial in one of the suits, and of his attending to one of them to its final termination ; and that he made no objection, and said nothing to Maynard or Edmunds after they became partners, that either Maynard, or Maynard and Edmunds were no longer to be connected with said suits as his attorney or attornies.

That the defendant also insisted that plaintiffs were not entitled to recover for services in a suit *Briggs* v. *Keyes,* on account of negligence in attending to the same, so that Keyes obtained a judgment in said suit.

That it appeared that said suit was commenced before a justice, and appealed, by said Keyes, to the September term of Chittenden County Court, 1851, and that an auditor was appointed that term, and that plaintiffs charged $5,00 for their services that term. That the next March term, 1852, Edmunds discovered upon the calling of the docket, that judgment had been rendered on the report, for Keyes. Mr. Edmunds, then in court, examined the rule and found that legal notice had been given to Briggs of the hearing before the auditor. That it also appeared, that the service was made by leaving a copy at the dwelling-house of said Briggs, and that he was away at the time and did not return until after the hearing before the auditor ; and that the plaintiffs had no notice of the service on Briggs, or of the audit until said March term, 1852.

The auditor allowed the said charge of the plaintiffs. The auditor found a balance due plaintiffs, if they were entitled to recover in this action for services in said two suits first named, of $83,30. But if the court should be of opinion that plaintiffs cannot recover in this action for the services in said suits, then auditor found balance due plaintiffs, to be $38,92.

The County Court, March Term, 1853,—PECK, J., presiding,— rendered judgment on the report for the plaintiffs to recover the largest sum reported.

Exceptions by defendant.

---

Maynard and Edmunds *v.* Briggs.

---

The opinion of the court was delivered by

REDFIELD, CH. J. I. The defendant objects to the plaintiffs recovering in a joint action for services rendered in his suit, while they were in partnership, and this known to the defendant, at the time the services were rendered, on the ground that the defendant retained plaintiff, Maynard, in the suits before he formed the partnership with the other plaintiff. Nothing is stated by the auditor to show that the defendant will be embarrassed in his defence, or in any way injuriously affected by the suit being brought in the name of the two plaintiffs. And where that is not the case, the suit may always be brought, either in the name of the parties with whom the contract is made, or in the name of those legally interested at the election of the plaintiff. This is the law, in regard to dormant partners, and factors doing business in their own names. *Lapham* v. *Green,* 9 Vt. 407. *Wait* v. *Johnson,* 24 Vt. 112. Under the circumstances of this case, it is questionable, I think, whether the plaintiff, Maynard, if objection had been made by defendant, could have sustained an action in his own name alone, for the services performed by the partnership which seems to have been open, and known to the defendant.

II. The auditor does not seem to have found any such negligence in the Keyes suit, at the final term, as will justify this court, as it seems to us, in saying the plaintiffs are precluded from recovering for their services, at the former terms, when no negligence is complained of. If they were guilty of neglect, at the last term, they will still remain liable, and that should certainly have been distinctly found by the auditor, to deprive them of all recovery for services in the suit.

III. In regard to the $3 term fee charged the defendant for attending his suits, it is certainly not an uncommon charge, and was never regarded as exorbitant, to my knowledge. The statute limiting the taxable costs of the party to travel and $2 term fee, would not control a charge between attorney and client. The practice of charging $3 probably grew out of the practice of taxing $2 term, and then travel for parties residing more than twenty miles from court, and who did not attend court.

That a dormant partner even, which Mr. Edmunds in this case is not, may join or not, at the election of the plaintiffs, is an universally recognized rule, in the English courts, at this day, and so

laid down in all the elementary writers upon this subject, and is distinctly put forth, as a basis of decision, by this court. See *Hilliker* v. *Loop,* 5 Vt. 116. In *Lapham* v. *Green,* 9 Vt. 407, and virtually in *Morton* v. *Webb,* 7 Vt. 123. Collyer on Part. 539.

Judgment affirmed.