Curts v. Scoles and Turner.

divided upon the questions last named, in the present state of the pleadings, they are not decided.

CURTS *v.* SCOLES AND TURNER.

It is the duty of the party appealing, to satisfy the appellate court affirmatively, that there is error in the proceedings below, to his prejudice, before the judgment will be reversed.

A paper in the record, purporting to be a statement of the facts found, must be treated as a bill of exceptions; and where it does not profess to disclose the whole evidence, this court must presume there was sufficient evidence to warrant the finding of the court.

Where a party contracts, the legal presumption is, that he binds himself personally, unless it is shown affirmatively that he acted and promised for a principal.

### Appeal from the Lee District Court.

THIS suit was commenced before a justice of the peace, and taken by appeal to the District Court, where judgment was rendered for the plaintiff. The defendants appeal. The facts of the case are fully stated in the opinion of the court.

*Claggett & Dixon*, for the appellants.

*Moss & Marshall*, for the appellee.

WRIGHT, C. J.—This record presents a novel case. Plaintiff sued for five dollars, the value of a stove, before a justice; judgment in his favor, and defendant appealed. In the District Court, the cause was submitted to the judge; the evidence was so vague and indefinite, that he ordered it to be submitted, on a retrial, to a jury. The jury disagreed,

and it was then, by agreement, again submitted to the judge, who · rendered judgment in favor of plaintiff for the sum claimed.    There is in the record what is called a statement of the facts found, as contemplated by section 1793; but which does not appear to have been entered of · record, and what is in fact, a bill of exceptions.    This paper does not profess to set out all the testimony, nor does any part of the record profess to do so.    The difficult question appears to have been this : whether by the parol contract sued on, the defendants promised as individuals, so as to make themselves liable personally, or as directors of a certain school district, of which they were officers.    And, with reference to this question, it is stated, that it was clearly proved, that plaintiff supposed he was obtaining the individual promise of defendants; and just as clearly proved that defendants supposed they were making the promise in behalf of the school district.    On this state of facts, the defendants ask us to reverse this case.

This we cannot do, for the following, among other reasons :

*First*, It is the duty of the party appealing, to satisfy us affirmatively that there is error, and to his prejudice, before we will reverse.    We can see no principle of law that was violated in this proceeding, and we will not presume any.

*Second.* We cannot treat the paper referred to, as a statement of the facts found, but as a bill of exceptions.    As such, the record does not profess to disclose the whole evidence, and in such case, we will presume there was sufficient to justify the finding.

*Third.* The legal presumption being, that where a party contracts, he binds himself personally, unless it is shown affirmatively that he acted and promised for a principal, in a case that appears to have been so evenly balanced as this, as to the capacity in which they did contract, we should give the plaintiff the benefit of this presumption.

Judgment affirmed.