## W. R. DANFORTH & Co. *v.* G. B. WALKER.

*Contract. Statute of Frauds. Damages. Sale.*

Where, under a verbal contract of sale of 1,900 bushels potatoes, one car load was received and paid for, this took the contract out of the statute of frauds as to the entire contract as originally made, notwithstanding the defendant had previously written the plaintiff to purchase no more for the defendant.

The plaintiff, however, had no right, after receiving the letter, to purchase potatoes and then recover for loss sustained on them by frost and rot. His damages as to such after purchases, must be limited to the difference between the price the defendant had agreed to pay the plaintiff, and what it would cost the plaintiff to procure and deliver them.

If the potatoes were to be delivered in good condition, and no time was stipulated within which the defendant was to take them, he would have a reasonable time for that purpose, and would not be liable for loss occasioned by freezing or rot before such reasonable time had elapsed.

THIS is an action of assumpsit. Plea, general issue and notice. Trial by jury, June Term, 1866, STEELE, J., presiding.

The plaintiffs' evidence tended to show that on the 19th of January, 1859, they sold, by verbal contract, 1,900 bushels of potatoes to the defendant, 1,500 of which were to be " fancies," at forty-five cents, and 400 to be " commons," at two shillings per bushel. The defendant's testimony tended to show that the contract was for a different amount and price.

On the 19th of February, the defendant received a car load of potatoes. There was no evidence to show that they were not received on the contract, and the plaintiffs' testimony tended to show that they were, and that the defendant then said that he would come for the rest soon.

In January, potatoes fell in market, and the defendant wrote the plaintiffs a letter, dated January 27th, 1859, in which he said, " do not buy any more" (potatoes) " of any kind until you hear from me."

The plaintiffs' testimony tended to show that they had bargained for all or nearly all the potatoes which the defendant had contracted before they received this letter. The evidence on both sides

tended to show that the defendant was to take the potatoes as soon as he could run another lot to Boston, and get the sacks to run these.

In May after, the defendant sent the plaintiffs a check of $180., which was within one or two dollars of the amount, at the contract price, due for the potatoes, which had been received by the defendant. The balance of the potatoes, some ten to fifteen hundred bushels, the defendant neglected to call for. The plaintiffs kept them till some of them were destroyed by rot and freezing, and as soon as they could learn that the defendant was not going to come for them, sold them as well as they could, and partly by direction of the defendant himself.

The defendant requested the court to charge the jury that the contract was within the statute of frauds, and the taking of one load, and paying for them, was not part performance, but the court instructed the jury that if the load was taken under this contract, and so understood by the parties at the time, it would be part performance, although subsequently they were separately paid for.

The court charged in accordance with the defendant's request, that after the reception of the letter of January 27th, the plaintiffs could buy no potatoes to rot or freeze at the defendant's expense, but could recover only the net profit above expense and trouble which they would make by buying potatoes to fill any then existing deficiency in the contract quantity; and against the defendant's request and exception told the jury that any loss by freezing or rot, which occurred without plaintiffs' fault, by delay which the defendant induced, would be a proper subject of damages on all the potatoes purchased before January 27th.

The defendant requested the court to charge the jury, that "if the jury find that there was no time agreed on for the delivery of the potatoes, and that the potatoes were to be delivered by the plaintiffs in good condition, the defendant would have the entire season for running the potatoes, and would not be liable for any damage by freezing or rot, or in taking care of the potatoes."

The court declined so to instruct the jury.

The court instructed the jury that the only damage the plaintiffs could recover on account of any of the potatoes of either kind, which

he had not purchased before January 27th, was the net profit above all expense and trouble which he would have made by filling the deficiency.

It being agreed by counsel, that the delivery of this car load was not under the contract, the court left it for the jury to say whether or not the parties understood the car load was delivered under the contract, and in pursuance of it, and told them that if so understood it was part performance.

, To the refusal of the court to charge in accordance with the several requests, the defendant excepted.

The jury returned a verdict for the plaintiffs for 350 dollars.

*A. J. Willard,* for the defendant.

*Geo. C. & Geo. W. Cahoon,* for the plaintiffs.

The opinion of the court was delivered by

PECK, J. The jury having found, under the charge of the court, that the car load of potatoes, which the defendant received in February, and subsequently paid for, was received under the verbal contract of purchase previously made, it was such part delivery and payment as satisfied the statute of frauds, and took the contract out of the statute as to the entire contract as originally made ; notwithstanding the defendant's letter of January 27th directing the plaintiffs to make no more purchases. The plaintiffs, however, had no right, after the receipt of that letter, to purchase potatoes, and then recover of the defendant any loss that they sustained on them by frost or rot. Their damages as to such after purchases must be limited to the difference between the price the defendant had agreed to pay the plaintiffs, and what it would cost the plaintiffs to procure and deliver them, having reference only to the price the plaintiffs would or did have to pay for them, and the expense of drawing and delivering them. The charge in this respect was correct. The defendant requested the court to charge " that the defendant was not liable under the present declaration for any potatoes purchased after that date," This request was properly denied by the court. The price of potatoes having

fallen soon after the contract between the plaintiffs and the defendant was made, the plaintiffs had a right to recover the difference between what it would cost the plaintiffs to procure them, and the price the defendant by his contract was to pay; and this is in substance the charge on this point as given to the jury.

As to the defendant's request, that if no time was agreed on within which the defendant was to take away the potatoes, and they were to be delivered in good condition, he would have the whole season to take them, and would not be liable for any damage by freezing or rot in the meantime, we think it should not have been complied with. On this hypothesis the defendant would have a reasonable time to take the potatoes away, and he would not be liable to any loss or damage accruing to the potatoes by freezing or rot before such reasonable time had elapsed. All that is said in the exceptions in immediate connection with this request, is, that the court decline so to instruct the jury,—to which the defendant excepted. Had the case stopped here, we should have had no trouble in reference to this point. But in another part of the exceptions it is stated that the court, " against the defendant's request and exception, told the jury that any loss by freezing or rot, which occurred without the plaintiffs' fault, by delay which the defendant induced, would be a proper subject of damages on all the potatoes purchased before January 27th." We all agree that if the potatoes were to be delivered in good condition, and sometime was stipulated within which the defendant was to take them, he would have a reasonable time for that purpose, and would not be liable for loss by freezing or rot that accrued before such reasonable time had elapsed. The charge should have been thus limited on this point. I have been unable to bring my mind to the conclusion that the charge sufficiently conveyed that idea to the jury; although the words, " *by delay which the defendant induced,*" might have been understood as a delay subsequent to the time it was the duty of the defendant to have taken the potatoes. But the majority of the court think the charge will bear the construction that obviates this objection, and that there is no error.

Judgment affirmed.