AULTMAN & Co. v. LEE.

1. **Instruction:** APPLICABILITY. A judgment will be reversed for the giving of an instruction which is not applicable to the evidence and has a tendency to mislead the jury.

2. **Principal and Agent:** POWER OF AGENT. L. purchased a threshing machine of A. through the latter's agent, H., to whom he afterwards sold a quantity of wheat, the agent agreeing to pay a certain amount therefor and to indorse the amount upon the note executed for the threshing machine, but failed to do it: *Held*, that in the absence of authority by the agent to accept the wheat, the payment should have been made in money, to discharge the payer from liability.

3. ————: CONTRACT: NOVATION. The agent has no right to accept payment of a debt due his principal and substitute himself for the debtor, without the express authority and consent of the principal.

*Appeal from Lyon District Court.*

. MONDAY, JUNE 12.

THIS is an action upon a note for the sum of $200, dated September 1, 1873, payable to C. Aultman, or order, November 1, 1874, at the office of H. T. Helguson, bearing a credit of $20, and the guarantee of payment of H. T. Helguson.

The defendant answered as follows: " That the note in said petition described was given for a threshing machine, with two other notes, one for $290, and one for $80; that the threshing machine was purchased of one H. T. Helguson, as agent of plaintiffs during the summer of 1873; that the defendant paid to said Helguson for and on account of plaintiffs, to apply on said notes, $275, during the said summer and fall of 1873, which sum said Helguson agreed to indorse on the said notes of plaintiffs, but failed and neglected so to do; that the other two notes given to plaintiffs of $290 and $80 have been paid, and no part of said sum of $275, so paid to said Helguson as aforesaid, was applied on said notes or any indebtedness due from defendant to plaintiffs; that said note in plaintiffs' petition described has been fully paid."

There was a jury trial, resulting in a verdict and judgment for defendant. Plaintiffs appeal.

*Chase & Taylor* and *J. K. P. Thompson*, for appellant.

*Bailey & Gifford*, for appellee.

DAY, J.—The defendant testified in substance, that whilst Helguson had the notes in his possession, defendant sold Helguson 900 bushels of wheat, at the price of seventy-five cents per bushel, and that Helguson agreed to apply $275 of the price of the wheat toward the payment of the notes, which he never did, and that defendant had turned out other notes in payment of the $290 and $80 notes.

The court instructed the jury as follows: "Before you find for defendant you must be satisfied that the note has been paid to the plaintiffs, or to some person by them duly authorized to receive such payment. If payment is made to an agent, it must be made in money, unless an agreement is shown or an authority is established in the agent to receive payment otherwise. If Helguson was the agent of plaintiffs, and in possession of the note, defendant was authorized to pay Helguson on the note, and if Lee took wheat to Helguson and sold the same to him, and Helguson as agent aforesaid for Lee took the money, the proceeds of the wheat, for the plaintiffs, and was then in possession of the note, and was to indorse same on the note, then the money, the proceeds of the wheat, if applied on the note, would be good as payment on the note."

This instruction is not applicable to the testimony, and was calculated to mislead the jury. There was no testimony that Helguson, as agent, took the money, the proceeds of the wheat, for the plaintiffs, nor that the money was applied on the note. There is no evidence that a dollar of money, the proceeds of the wheat, was ever in the possession either of the defendant or of Helguson.

The testimony of defendant is that Helguson did not apply the proceeds of the wheat to the payment of the note. Because of its inapplicability to the testimony, and its tendency to mislead, this instruction should not have been given.

II. The verdict of the jury is contrary to the evidence.

The testimony of the defendant does not establish the defense of payment. The transaction proved was simply this: Defendant sold wheat to Helguson, who was in possession of the notes; Helguson agreed to pay a part of the price of the wheat to plaintiffs on the notes; Helguson did not do as he agreed. Upon the sale of the wheat Helguson became the debtor of defendant. If plaintiffs had been present and had agreed to take Helguson in payment, there would have been a *novation*, and defendant would have been discharged. But to this end, the concurrence of the three parties interested is necessary. It is now claimed that, without the knowledge or assent of plaintiffs, the old debtor has been discharged, and a new one has been substituted. A, as agent of B, has in his hands for collection a note on C for $100. C has a horse which he wishes to sell and B desires to buy. The horse is turned over to B, who agrees to pay the price $100, to A on C's note. Does this discharge the note, or is A compellable to accept B as his debtor instead of C? Manifestly not. The case supposed has its exact parallel in the case at bar.

Defendant must pay the note, and must look to Helguson for pay for his wheat.

REVERSED.