WILLIAM C. NICHOLSON, APT. v. CHARLES W. PEASE, AND CHARLES W. PEASE v. WILLIAM C. NICHOLSON.

*Pleading. Principal and Agent. New Trial.*

1. Where a plea alleges a fact not directly, but in parenthesis, and that allegation is traversed by the replication, an issue of fact is thereby joined which should go to the jury.

2. A traveling salesman, who is furnished with money by his employer to pay his expenses while on the road, cannot bind his principal for the payment of such expenses, if, before receiving notice from the party extending such credit, the employer has settled with his salesman and allowed him the amount of such expenses.

3. A party seeking to recover under such a state of facts must show either an authority in the agent to bind the principal in that instance, or that the agent had been accustomed to do business in this manner, and that the principal knew it.

4. *Held,* that the defendant had not, on his petition for a new trial, made a case within the rule of *Thayer* v. *Central Vt R. R. Co.,* 60 Vt. 214.

This was an action in general assumpsit for the recovery of the purchase price of certain merchandise. Pleas, the general issue, with special pleas in bar, which were traversed by the plaintiff. Trial by jury at the May Term, 1888, Ross, J., presiding.

The plaintiff was a merchant in the city of Boston, and the defendant a hotel keeper in the village of Hartford, Vt. The goods were sold the defendant by one Redlon, a traveling salesman of the plaintiff. The defendant claimed by his pleas and evidence that these goods had been partly paid for by entertainment furnished this Redlon while in the exercise of his employment as such salesman by the defendant, and that as for the balance, he had tendered the amount to the plaintiff, who had refused to receive it. The plaintiff claimed that Redlon had no authority to contract this bill; that while it was the plaintiff's business to pay such expenses of the salesman, he furnished Red-

lon at the beginning of each trip with sufficient funds to defray these expenses, and allowed him moreover to draw on him for that purpose ; and further testified that this very bill which the defendant now sought to collect of him in this manner had been allowed to Redlon in settlement of his accounts on his return from his trips, and that the plaintiff did not know that any such bill had ever been contracted by him of the defendant.

The amount of the defendant's bill was $65.50. The other facts sufficiently appear in the opinion. Verdict for the plaintiff to recover the full amount of his bill. Exceptions by the defendant.

At the same term of the Supreme Court at which these exceptions were heard, the defendant also presented a petition asking for a new trial upon the following grounds:

1. The case had been first tried before a justice, where the judgment had been for the defendant with an appeal by the plaintiff. At that trial the plaintiff gave his deposition. The defendant in this petition averred that, in that deposition the plaintiff did not claim that he never gave the salesman Redlon authority to contract this bill, and never knew of similar transactions on the part of the said Redlon, and that he was surprised when he so claimed in the County Court.

2. Because he had discovered since the trial that the plaintiff had known of similar transactions on the part of Redlon, to wit, with one Frank Sayre of Lebanon, N. H. This fact had been discovered through inquiry of Redlon.

3. The plaintiff had testified on the trial that he had paid to Redlon the amount of this account. The petitioner averred that he had learned through Redlon since the trial that this was not true, and that the books of the plaintiff would show that it was not true. The books of the plaintiff had not been produced in court, but the plaintiff had testified as to their contents, and that they would show that he, plaintiff, had once paid Redlon this very bill. The petitioner averred that he had no intimation that the salesman Redlon had ever seen plaintiff's books, or had

Nicholson *v.* Pease.

any knowledge of their contents until after the trial; that at the time of the trial he had endeavored to get Redlon there, but had been unable to do so.

*Hunton & Stickney,* for the defendant.

The court refused to charge the jury, that if they found the fact as to the $65.50 as alleged by the defendant, the question of Redlon's authority did not arise. This was error; first, because defendant did not allege any authority in Redlon; and, second, because if the jury had found this fact as alleged by defendant, it would have shown an express contract, and the plaintiff had sued on an implied contract.

If plaintiff insisted upon treating the transaction as a sale he was bound by the terms of it. *Newell* v. *Hurlburt,* 2 Vt. 351; *Brigham* v. *Palmer,* 3 Allen, 450.

Plaintiff clothed Redlon with apparent authority to sell goods and take pay therefor. And if plaintiff claimed a limitation to such authority, the burden was upon him to show such limitation and defendant's knowledge thereof. *Methuen Co.* v. *Hayes,* 33 Me. 169.

Redlon had actual authority from plaintiff to receive payment for goods sold; and if he abused his principal's confidence, defendant, who was an innocent party, should not be prejudiced thereby. *Putnam* v. *French et al.,* 53 Vt. 403, 405; *Trainer* v. *Morrison,* 1 N. E. Rep. 698; 78 Me. 163; Sto. Ag. s. 443.

*Samuel E. Pingree,* for the plaintiff.

Redlon was a special agent of plaintiff, and a special agent cannot bind his principal for acts done outside of his authority.

The $65.50 was a private debt of Redlon's which could not be charged to plaintiff without his consent. 2 Benj. Sales, s. 1099, p. 955 and n. 26; Sto. Ag. (3d Ed.) s. 98; 1 Ad. Con. s. 343.

The question of Redlon's authority was properly left to the jury to decide.

The opinion of the court was delivered by

TYLER, J.   The defendant's counsel requested the court to instruct the jury that if they found the facts stated in the plea relative to the $65.50 to be true, the question as to the extent of the agent's authority did not arise and the verdict should be for the defendant.

The plea contains the following averment in parenthesis: "Said Redlon acting therein for him," which, with the other averments, was traversed by the plaintiff, and thus the extent of the agent's authority became a question of fact to be tried.   It is urged by defendant's counsel that the plea alleges a sale on condition and contains no averment of authority in Redlon.   It is true that there is no express averment of authority, but it is alleged that the agent acted for the plaintiff in this transaction, which averment is denied and made an issue of fact for the jury, and could not properly be decided by the court as a question of law.

It is also claimed that there was error in the instruction of the court that the burden was on the defendant to prove the agent's authority to make the contract.

The plaintiff admitted the agent's authority to make collections for goods sold by him and to use money thus collected in payment of his necessary expenses, although he was furnished with funds for that purpose, and was also at liberty to draw on the plaintiff therefor.   He denied that he was bound to pay third persons the agent's bills for expenses, and claimed that he had paid the bill in controversy to the agent himself.

When the plaintiff had delivered the goods to the defendant he had, *prima facie*, a right to demand and recover of him the agreed price for the same.   The defendant claimed that he had paid for the goods by his bill against Redlon for board and horse hire.   The court held that, as the contract was outside of the general scope of the agency, the burden was on the defendant to show that the agent had authority to make it, or that he had been accustomed to do business in this manner, and the plaintiff knew it or ought reasonably to have known it.

It has been seriously questioned whether a mere power to sell implies a power to collect. See Benjamin on Sales, ed. 1888, 703, and numerous cases cited. *Putnam & Co.* v. *French & Moore*, 53 Vt. 402, went no further than to hold that a traveling salesman might make terms of payment in the customary manner. "An agent has not, *prima facie*, authority to receive anything but money in payment. This is elementary law." Benjamin on Sales, *supra*; *Aultman* v. *Lee*, 43 Ia. 404; *Bevis* v. *Heflin*, 63 Ind. 129; *Sangston* v. *Maitland*, 11 Gill & J. 286.

The result is we find no error in the trial and the judgment of the County Court is affirmed.

At the present term of this court the defendant has filed his petition for a new trial on the ground that he was taken by surprise at the case made by the plaintiff at the former trial and on account of newly discovered evidence. Upon careful examination of the testimony produced in support of the petition we find it does not present a case within the rule repeatedly laid down by this court relative to new trials. *Thayer* v. *Cent. Vt. R. R. Co.*, 60 Vt. 214.

*The petition is dismissed with costs.*