D. F. HOLDEN *v.* RUTLAND RAILROAD COMPANY.

May Term, 1901.

Present: ROWELL, TYLER, MUNSON, START and WATSON, JJ.

Opinion filed August 29, 1901.

*Defences to suit by undisclosed agent*—When one who has made a contract as the agent of another, without disclosing his principal or his agency, brings in his own name an action based on such contract, the defendant may avail himself of any defence that would be good against the principal, as well as of defences good against the agent.

*Contracts—Purchaser of mileage book bound by contract which he signs*—When the purchaser of a railroad mileage book is required by the selling company to sign a contract in the back part thereof, if he signs as required and accepts the book, he is bound by the terms of the contract.

*Contracts—Material and fraudulent alteration—Unauthorized insertion of name in mileage book*—If the contract in the back part of a mileage book, signed by the purchaser upon the acceptance of the book, provides that the coupons therein shall be good only for the transportation of persons whose names are written in the book by the selling agent, such provision is reasonable and material, and the unauthorized insertion by the purchaser of the name of a person, for the purpose of enabling such person to ride on the coupons of the book, is a material and fraudulent alteration of the contract and discharges it.

CASE FOR NEGLIGENCE in the sale of a mileage book. Plea, not guilty. Trial by jury, Caledonia County, June Term, 1900, *Taft,* C. J., presiding. A verdict for the defendant was directed and judgment on the verdict was rendered. The plaintiff excepted.

For the nature of the declaration, which was held sufficient on demurrer, see this case, 72 Vt. 156.

*Edward H. Deavitt* for the plaintiff.

*Frederick H. Button* and *William H. Button* for the defendant.

WATSON, J. The mileage-book in question was purchased of the defendant's ticket agent at Burlington by the plaintiff as the agent of Dana O. Coles, but the plaintiff did not make known his agency nor disclose his principal. In selling such tickets, the purchaser's name is required to be signed to the contract printed in the back part of the book. The plaintiff, being requested by the ticket agent thus to sign the book in question, signed his own name thereto instead of that of his principal. By force of the contract it is the duty of the selling agent to enter the purchaser's name in the front part of the book, as the person to whom the ticket is issued and entitled to transportation thereon. In the place for so doing, the selling agent entered the name of "A. F. Holden" instead of "D. F. Holden," the plaintiff's name signed in the back part of the book as the purchaser. The ticket was then used by the plaintiff in going from Burlington to Rutland and return. Upon his return, he gave the book to Coles and paid him for the number of miles used. About two months afterwards, the plaintiff hired the book of Coles, and with his daughter attempted to go from Burlington to Rutland on another journey. The daughter's name had then been inserted in the front part of the book by Coles as a member of the purchaser's family and a person entitled to transportation thereon. In making this journey over

the defendant's road, the plaintiff offered the book for the transportation of himself and daughter, but the conductor refused to accept it, and they rode without paying fare to Rutland where the plaintiff was arrested at the request of the conductor and detained for some little time before being released. The plaintiff claims that his name should have been entered in the front part of the book as the person to whom the ticket was issued, and that to enter the name of "A. F. Holden" instead was negligence by the ticket agent; and further that the damages suffered by the plaintiff by reason of the conductor's refusal to accept the book for transportation was the result of this negligence for which the defendant is liable. The court below ordered a verdict for the defendant, to which the plaintiff excepted. Was this error? is the sole question. The plaintiff purchased the mileage-book for Coles and as his agent, but he neither disclosed his agency nor his principal. In these circumstances it is a well settled rule of law that an action for a breach of contract not under seal, may be brought in the name of either the agent or the principal: in the name of the agent because he has been treated by the defendant as the other party to the contract; in the name of the principal because he is the person really interested in the contract, for whose benefit it was made, and with whom it is considered in law as made: Dicey. Part 136; *Sims* v. *Bond,* 5 B. & Ad. 393; *Lapham* v. *Green,* 9 Vt. 407.

But that this rule of law shall not be so exercised as to work an injustice to the other party to the contract, other rules incident thereto are equally well established. One of these is that if the action is brought by the agent in his own name, the defendant may avail himself of those defences which are good against the agent who is the plaintiff on record; also of any defence that would be good against the principal in whose inter-

est the action is brought: Dicey. Part. 142; 2 Smith's L. C. 428.

By selling the mileage-book the defendant contracted with the purchaser to accept the coupons therein for transportation of the purchaser, the members of his family, members of his firm, or salesmen of the firm, whose names are entered by the selling agent of the company in the fore part of the book as persons entitled to transportation thereon; that only the persons whose names are thus entered are lawfully entitled to such use of the book; that in case of any desired change or addition in the names of such persons, the same will be made on application to the ticket agent at the station where the book was sold; and that no change in such name or names will be made except on application to the ticket agent of this company from whom it was purchased, and no change in name will be recognized unless made by such agent. When such a ticket is sold, the name of the purchaser is required to be signed to the contract in the back part of the book; and when thus signed, and the ticket is accepted by him, he is bound by the terms of the contract: *Rahilly* v. *St. Paul etc. R'y Co.,* 66 Minn. 153; *Krueger* v. *Chicago etc. R'y Co.,* 68 Minn. 445, 64 Am. St. Rep. 487; *Baylon* v. *Hot Springs R. R. Co.,* 132 U. S. 146; *Fonseca* v. *Cunard S. S. Co.,* 153 Mass. 553, 25 Am. St. Rep. 660; *Drummond* v. *Southern Pac. R. Co.,* 7 Utah, 118.

When the plaintiff hired the book to make the journey in question, he informed Coles that his daughter was going with him, whereupon her name was inserted in the book as before stated. Assuming that her name might properly have been there inserted as a member of the purchaser's family, thereby entitling her to transportation upon the ticket, under the provisions of the contract it could be done only by the ticket agent at the station where the ticket was sold. Neither the plaintiff nor Coles had any right so to insert it.

Such tickets are usually sold at lower rates than common regular tickets, and are good for transportation between all stations on the road of the company selling them. Unless sold as good for transportation of bearer, such provisions of the contract, as have been named, are reasonable, material, and important in preventing fraud upon the railroad company. Without provisions for that purpose, the name of any one intending to make a journey over the company's road, might be inserted in a mileage-book by its owner or possessor as he saw fit, thereby making it, to all intents and purposes, good for transportation of bearer. The insertion of the name of the plaintiff's· daughter, therefore, was a material alteration of the contract and a fraud upon the defendant. Indeed, her name was thus inserted for the express purpose of enabling the plaintiff to make a fraudulent use of the ticket. It is an established principal of law that a material alteration of a written contract by one of the contracting parties without the consent of the other, operates as a discharge of the contract; "because," says Lord Kenyon in the leading case of *Master* v. *Miller,* 4 T. R. 320, 2 Eng. R. C. 669, "no man shall be permitted to take the chance of committing a fraud, without running any risk of losing by the event, when it is detected;" Chitty on Con. 868; *Bigelow* v. *Stilphens,* 35 Vt. 521; *Derby* v. *Thrall,* 44 Vt. 413. In *Bellows* v. *Weeks,* 41 Vt. 590, this rule is said to be "founded in public policy, and tends to prevent tampering with written instruments by the parties, who are under a temptation to do so: the forfeiture of the ·original instrument operating in the nature of a penalty."

*This defence being available in an action brought by the agent in his own name, the verdict was properly ordered. Let judgment be affirmed.*

*Start,* J., concurs in the result.