PATTERSON & HOLDEN *v.* SARGENT, OSGOOD & ROUNDY COMPANY.

May Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed August 19, 1910.

*Sales—Statute of Frauds—"Acceptance" of Goods—Necessity—
"Receipt"—Waiver of Examination—What Constitutes
Acceptance.*

The term "acceptance" covers more than "receipt," and so a purchaser's receipt of goods, without acceptance, is not sufficient to satisfy the Statute of Frauds.

Anything done by the purchaser as owner is an acceptance.

Where defendant, while inspecting certain pieces of old machinery in pursuance of an agreement to purchase them, broke up one of the pieces preparatory to removing it as junk, that was an acceptance of part of the property sufficient to satisfy the Statute of Frauds, and was a waiver of his right to examine the other machinery, and his intention to reject the other machinery, if it proved unsatisfactory, could have no effect as against such waiver.

Such breaking was an act of ownership and acceptance which defendant could not deny by claiming that the seller had a vendor's lien on the property.

Where a contract has been made to sell several articles of machinery, the purchaser's receipt and acceptance of one of the articles takes the whole contract out of the Statute of Frauds.

GENERAL ASSUMPSIT for goods sold and delivered. Pleas, the general issue and a special plea relying on the Statute of Frauds. Trial by court on an agreed statement of facts at the December Term, 1909, Orange County, *Waterman,* J., presiding. Judgment, *pro forma,* for the plaintiffs. The defendant excepted. The agreed statement alleges that a few days before the breaking spoken of in the opinion "a trade was made between the plaintiffs and defendant that the defendant should have all of the machinery and iron ware about the mill ruins and in the place it then was for the price of $350 payable partly in farm machinery at the defendant's place of business and the balance in cash. There was no memoranda of the sale in writing signed by the parties and no cash paid."

*March M. Wilson* for the defendant.

There may have been a receipt of part of the property in this case, but there was no "acceptance"; and an acceptance is essential to satisfy the Statute of Frauds, and is very different from a mere "receipt." An acceptance is: "A final and absolute appropriation of the buyer is said to be requisite; the delivery and acceptance must be voluntary, final, complete, unconditional, unequivocal, and the goods must come into the absolute possession of the buyer. 29 Enc. of Law, 979." "It may now be regarded as definitely settled that the terms have distinct meanings, and that both the acceptance and an actual receipt, which implies delivery, are essential to take the case out of the statute." Blackburn on Sales, 22, 23; Benjamin on Sales, 140, 157; *Hausman* v. *Nye,* 62 Ind. 491; *Maxwell* v. *Brown,* 39 Me. 98; *Young* v. *Blaisdell,* 60 Me. 274; *Jones* v. *Mechanics Bank,* 29 Md. 287; *Hewes* v. *Jordan,* 39 Md. 480; *Knight* v. *Mann,* 118 Mass. 145; *Shepard* v. *Pressey,* 32 N. H. 49; *Caulkins* v. *Hellman,* 47 N. Y. 449; *Gibbs* v. *Benjamin,* 45 Vt. 124.

*Darling & Wilson* for the plaintiffs.

The contract was entire. The defendant exercised ownership over the property by doing what only the owner had a right

to do, and that constituted an "acceptance" of a part of the property. *Phillips* v. *Ocmulgee Mills,* 55 Ga. 633; *Marshall* v. *Green,* 1 C. P. Div. 44; *Phillips* v. *Merritt,* 2 U. C. C. P. 513; *Tower* v. *Tudhope,* 37 U. C. Q. B. 200; *Pinkham* v. *Mattox,* 53 N. H. 604; *Parker* v. *Wallis,* 5 E. & B. 21; *Morton* v. *Tibbetts,* 15 Q. B. 428; *Hewes* v. *Jordon,* 39 Md. 483; *Remick* v. *Sanford,* 120 Mass. 309; *Knight* v. *Mann,* 118 Mass. 143; *Currie* v. *Anderson,* 2 E. & E. 592; *Corbett* v. *Walford,* 84 Md. 426, 35 Atl. 1088; *Edwards* v. *Brown,* 98 Me. 165, 56 Atl. 654; *Smith* v. *Fisher,* 59 Vt. 53; *Spencer* v. *Hale,* 30 Vt. 314; *Gibbs* v. *Benjamin,* 45 Vt. 124; *Hutchins* v. *Gilchrist,* 23 Vt. 82; *Schwartz* v. *Church of Holy Cross,* 60 Minn. 183; Williston on Sales, §77.

The time for repudiation had passed when defendant took possession and used the property as its own. It was a sale of definitely ascertained ponderous and bulky property to be taken at a definitely ascertained place for a definitely ascertained price. *Calkins* v. *Lockwood,* 17 Conn. 154, 42 Am. Dec. 729; *Boynton* v. *Veasey,* 24 Me. 286; *Jewitt* v. *Warren,* 12 Mass. 300; *Kelley* v. *Brooks,* 25 Ala. 523; *Logan* v. *Lemssurier,* 6 Moore P. C.; *Birge et al.* v. *Edgerton,* 28 Vt. 291; *Sanborn* v. *Kittridge,* 20 Vt. 639.

MUNSON, J. The suit is brought to recover the price of goods sold, and the question is whether there was an acceptance sufficient to satisfy the statute of frauds. The property consisted of a gasoline engine, a water wheel, a steel grinder, a corn cracker, and certain shafting, pulleys, sprockets and other iron ware, all of which had been used in a grist mill burned two years before, and most of which, exclusive of the gasoline engine, was in the basement of the mill, where it had remained undisturbed since the fire. The main value of the property was in the engine and wheel. The wheel was understood to be damaged, but the extent of the damage was not known. The defendant relied on the statement of a third person by whom the wheel was last used. It could not be fully examined as it stood, but was to be taken by the defendant where it was.

The defendant moved all the property except the wheel to a bank on the premises about seventy-five feet distant, whence it could be conveniently loaded for carrying away. It could not be conveniently loaded without doing this. When the corn cracker was moved it was treated as junk and broken into pieces

with sledges. In preparing to remove the wheel defendant un-
necessarily broke with sledges two or three bolts of small value,
but this was apparently done in the belief that it was necessary
to a removal of the wheel with reasonable convenience. When
the wheel was taken from its case it was found to be damaged
more than was expected, and nothing was done after this. It
was not necessary to move the machinery thus in order to examine
the wheel and ascertain the condition of the buckets. The wheel
could have been reached for this purpose by removing a few
partially burned timbers and some rods. Defendant did all that
was done towards the removal of the property with an expecta-
tion that the wheel would be found as indicated by the statement
referred to, and intending to take the property if the wheel was
found as expected.

Laying aside all questions regarding the effect of the pre-
liminary moving of some of the property and the unnecessary
breaking of bolts in getting at the wheel, we take up the question
presented by the breaking in pieces of the corn cracker. To
satisfy the statute the purchaser must accept and receive part of
the goods; and the defendant's claim is based upon the distinc-
tion between a receipt of the goods and an acceptance of them.
It is well settled that the term "acceptance" covers more than
"receipt," and that a receipt without an acceptance is not
sufficient. Notes 49 Am. Dec. 327; 96 Am. St. 216; *Caulkins*
v. *Hellman,* 47 N. Y. 449, 7 Am. Rep. 461. This distinction is
recognized in our own cases, although not expressed in terms.
*Spencer* v. *Hale,* 30 Vt. 314, 73 Am. Dec. 309; *Gibbs* v. *Benjamin,*
45 Vt. 124. The defendant insists that although he received the
property he did not accept it; that he merely took possession of
the property by way of preparing for its removal; that he had a
right to inspect the property and reject it if unsatisfactory; that
an intention to make an unconditional appropriation of the
property is an essential element of an acceptance, and that there
was no intention to accept this property unless the wheel was
found to be as it was supposed to be. The defendant supports
these claims by a citation from *Hunt* v. *Hecht,* 8 Exch. 814, to the
effect that an acceptance implies some act done by the purchaser
after he has exercised or has had the means of exercising his
right of rejection. We find nothing in this argument, if treated
as wholly sound and applicable, that meets the fact that the de-

fendant converted the corn cracker into old iron. This certainly was a positive and unequivocal exercise of exclusive dominion over the machine. The act was in no way connected with any preparation for reaching the wheel. It was done in advance of the removal of the wheel purely from choice. The defendant had ample opportunity to make such an examination of the wheel as was essential to an intelligent exercise of the right of rejection, and waived examination by the course taken. The intention finally to reject the property if the wheel proved unsatisfactory can have no effect as against this waiver.

The defendant contends that inasmuch as the agreed statement does not show that the corn cracker had any value as such, it cannot be said that the plaintiff was damaged by its destruction. But the matter for consideration here is not the value of the article destroyed, but the quality of the defendant's act as affecting the ownership of all the articles. If the defendant was not to be the owner of the machine, it was not for it to pass upon its value or say what should be done with it. It is said that the plaintiffs were entitled to a vendor's lien on the property, and that the defendant's control of it could not be complete while this lien existed. Whatever the effect of a vendor's lien may be, it is certain that a vendee who destroys an article cannot deny that he has assumed entire control of it, or that he has deprived the vendor of the benefit of his lien upon it. The defendant's disposition of the corn cracker was an assumption of ownership, and anything done by the purchaser as owner is an acceptance. The receipt and acceptance of the one article took the whole contract out of the statute. *Danforth* v. *Walker*, 40 Vt. 257.

*Judgment affirmed.*