HENRY W. CAMP *v.* CHARLES N. BARBER.

October Term, 1913.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed November 5, 1913.

*Pleadings—Effect of Reference—Contracts—Statute of Frauds
—Part Performance—Principal and Agent—Right of Agent
to Sue—Undisclosed Principal—Defence of Agency—Bur-
den of Proof.*

Where a case is referred the pleadings, including the declaration, are
    to be treated as adapted to the facts found, unless that would
    change the form of the action or bring in a new cause of action.

Where plaintiff contracted with defendant to stake out a telephone line
    and order the supplies for 16 sections, each shareholder to build
    one section and defendant to procure subscriptions for that number
    of sections, or take them himself, plaintiff's failure actually to
    deliver to defendant the materials that plaintiff had ordered and
    paid for was not a breach of the contract.

The Statute of Frauds does not apply to executed contracts, and where
    plaintiff agreed to stake out a telephone line and purchase the
    materials therefor, which he did, and defendant accepted a part of
    the materials, the case is doubly without the Statute.

While the general rule is that, where an agent makes a contract in
    behalf of his principal, naming him, an action thereon cannot be
    maintained in the name of the agent, a defendant relying on that
    defence has the burden of proving both the agency and the dis-
    closure of the principal.

Where the nominal promisee in a simple contract is an agent who has
    a beneficial interest in the performance thereof, or a special prop-
    erty in its subject-matter, he may maintain an action thereon in his
    own name.

An agent contracting in behalf of an undisclosed principal is personally
    bound by the contract, and so an action for its breach may be main-
    tained in the name of either the principal or the agent.

GENERAL ASSUMPSIT. Heard on the report of a referee at the December Term, 1912, Orange County, *Stanton,* J., presiding. Judgment for the defendant to recover his costs. The plaintiff excepted. The opinion states the case.

*David S. Conant* and *John W. Gordon* for the plaintiff.

*Richard A. Hoar* for the defendant.

TAYLOR, J. The action is general assumpsit. In his original specification the plaintiff specifies "supplies consisting of wire, brackets, insulators, etc., for four half-mile sections of telephone line at $8.00 per section, $32.00," and interest thereon. He seeks to recover under a contract with the defendant concerning a proposed telephone line past the residence of the defendant. The case was referred and was heard below on report of the referee.

The referee finds that at a time shortly previous to Oct. 13, 1903, the plaintiff had a talk with the defendant relating to the construction of a new telephone line in connection with the Orange County Telephone Company, which proposed line was to extend from some place in or near Plainfield, Vermont, past the residence of the defendant to the city of Barre; that the line was to be built by individuals, each person who was to have a telephone on, or a share in, the same to erect poles and pay for wire and other supplies for the construction of one-half mile of said line; that the proposed line was to have sixteen sections of a half mile each; that the defendant told the plaintiff if the plaintiff would stake out the line and order the supplies, consisting of wire, insulators, brackets, etc., he would get the subscribers for the sixteen shares or take them himself; that thereupon the plaintiff staked out the entire line, for which labor he was to receive seventy-five cents per share; that the defendant obtained subscribers for twelve shares including his own; that the defendant again told the plaintiff "to go ahead and order the supplies right away and he, the defendant, would see to getting signers for the other four shares or take them himself"; that the plaintiff then ordered the supplies for the entire line from the Orange County Telephone Company which were shipped to the railroad station at East Montpelier in the name of C. L. Speare, then president of said company; that on Oct. 28, 1903,

the plaintiff paid the Telephone Company for such supplies $116, being eight dollars per share less 75 cents per share for the labor of staking out the line; that soon after plaintiff was paid for twelve of the shares at eight dollars per share, two being paid for by the defendant personally, six through the defendant for the respective purchasers and the remaining four either through the defendant or by the purchasers directly; that the four sections for which subscribers were not obtained have not been constructed; that plaintiff has not been paid for the labor of staking out these sections nor for the materials ordered and paid for by him for their construction.

The referee further finds that the defendant's agreement was oral; that at the time of making the agreement and through the whole transaction the plaintiff was acting as agent for the Orange County Telephone Company; that of the supplies remaining after the twelve shares were taken wire sufficient for about three-fourths of a mile of line was taken from the railroad station and left at the residence of the defendant, but what became of this, or of the other material, the evidence did not disclose.

The referee submitted to the court the question whether upon this state of facts the defendant was liable; and, if liable, found for the plaintiff to recover $32 with interest from Oct. 28, 1903. The court below rendered judgment on the report for the defendant, to which the plaintiff excepted.

In his brief defendant's counsel raises the question of plaintiff's right to recover in general assumpsit, but this position is not tenable. The case having been referred and tried by a referee, judgment must be rendered according to the facts reported, if the county court had power to allow an amendment of the declaration that would adapt it to the facts reported. *White's Estate* v. *White's Estate,* 69 Vt. 360, 37 Atl. 1114. It is the settled rule in this State that it is the *cause* of action that is referred and that all questions of variance between the declaration and the proof are waived by the reference, except such as require an amendment that would change the nature of the action, or introduce a new cause of action. *Pollard* v. *Barrows,* 77 Vt. 1, 58 Atl. 726; *Lamb* v. *Zundell,* 78 Vt. 232, 62 Atl. 33. To the same effect are *Gordon's Admr.* v. *Hotchkiss,* 82 Vt. 479, 74 Atl. 74, and *Van Dyke* v. *Grand Trunk Railway Co.,* 84 Vt. 212, 78 Atl. 958, Ann. Cas. 1913A, 640. In the former case the

question presented related to the admissibility of certain evidence under a claimed defective notice of special matter in defence. The opinion by *Haselton,* J., reviews the cases and the development of the rule and renders further citation in support of it unnecessary. In the latter case it is distinctly held that in the case of a reference the pleadings, including the declaration, are to be treated as adapted to the facts found, if such adaptation does not bring in a new cause of action.

If special assumpsit counting on breach of contract, and not general assumpsit, is the appropriate form of action, it is immaterial; since the declaration is adaptable by amendment to the facts found without changing the nature of the action. The case is here for review on the referee's report, and the only question presented relates to the defendant's liability on the facts reported.

The plaintiff claims that the contract was between him and the defendant, that he has fully performed on his part, and that the defendant has broken the contract by failing to pay for the four shares not otherwise disposed of. The defendant claims that the plaintiff cannot recover, (1) because the alleged contract was for the purchase of goods, wares and merchandise of more than forty dollars in value and was not evidenced by a written memorandum signed by the defendant or some one authorized by him; and (2) because the plaintiff was acting for the Orange County Telephone Company in making the contract, and so cannot recover in his own name.

The referee finds the agreement as claimed by the plaintiff and facts showing full performance by the plaintiff and partial breach by the defendant. It was urged in argument that the plaintiff had failed to perform in that a part of the supplies for the four sections in question were not delivered to the defendant. This objection is unfounded. The contract did not contemplate the delivery of these materials to the defendant as a condition precedent to performance by the defendant. The plaintiff was to stake out the line and order the materials for sixteen sections and the defendant was to procure subscribers for that number of sections, or shares, or take them himself. The plaintiff ordered the materials for the sixteen sections, paid for them and procured their shipment to a convenient point where the subscribers including the defendant, received such as were required for the twelve sections actually constructed. We think

this amounted to full performance of the contract by the plaintiff on his part.

This brings us to a consideration of the reasons assigned by defendant's counsel in his brief why plaintiff cannot recover.

1.  As to the statute of frauds:  If the contract was for the purchase of goods, wares and merchandise, which we do not find it necessary to decide, still it is not within the statute. The statute of frauds applies to executory contracts, *Ide* v. *Stanton*, 15 Vt. 685, 40 Am. Dec. 698.  Here, if the transaction is regarded as a sale of goods, wares and merchandise, there was an acceptance by the defendant of part of the goods and part payment of the price, either of which would take the whole contract out of the statute.  *Patterson & Holden* v. *Sargent, Osgood & Roundy Co.*, 83 Vt. 516, 77 Atl. 338, 138 Am. St. Rep. 1102; *Dow* v. *Worthen*, 37 Vt. 108; *Richardson* v. *Squires*, 37 Vt. 640; *Danforth & Co.* v. *Walker*, 40 Vt. 257.

2.  Can the plaintiff recover on the facts in his own name? The defendant contends that he cannot because the plaintiff was acting for the Orange County Telephone Company in making the contract.  The referee finds "the plaintiff, at the time of the making of the agreement and through the whole transaction, was acting as agent of the Orange County Telephone Company." But this fact alone is not determinative.  To escape liability to the plaintiff the defendant attempts to show that the right of action, if any exists, is in the plaintiff's principal.  While the general rule is that where an agent makes a contract with a third person, *naming his principal,* the contract is made with the principal and not with the agent and no cause of action subsists in favor of the agent against the other party thereto, it has been held in some jurisdictions that even where the principal is disclosed a contract may be made by an agent with a third person in such terms that he, the agent, is personally liable for its fulfilment and may therefore enforce the same in his own name. 31 Cyc. 1564 and cases cited.  Moreover, the authorities are practically uniform that where the nominal promisee in a contract not under seal is an agent and he has a beneficial interest in the performance of the contract, or a special property in the subject-matter of the agreement, the legal interest is in him and he may support an action upon the contract in his own name. 31 Cyc. 1564, 1621, and cases cited; *Thompson* v. *Kelley*, 101

Mass. 291, 3 Am. Rep. 353; *Simon* v. *Trummer*, 110 Pac. 786; *San Jacinto Rice Co.* v. *Lockett & Co.*, 145 S. W. 1046.

In *Binney & Broadhead* v. *Plumley*, 5 Vt. 500, 26 Am. Dec. 313, which was a suit on a note payable to the plaintiffs as trustees of the Newmarket & Kingston Wesleyan Academy, this Court, holding that plaintiffs could recover in their own names, said, "If the plaintiffs had been mere servants or agents of the corporation and had made a contract in their (its) behalf, then the action should be in the corporate name. But it seems the plaintiffs did not act as mere servants or agents who have no legal interest in their contracts, but acted as trustees and took a legal interest." In *Rutland and Burlington Railroad Co.* v. *Cole*, 24 Vt. 33, which was an action on a note given by the defendant to one Henshaw, Treasurer of the plaintiff, for stock of the corporation, it was said, "It is clearly settled that the person beneficially interested may sue upon a simple contract." Though not full authority these cases recognize the principle involved in the case at bar.

On the facts reported the defendant has failed to go far enough to make his defence available. Agency is a fact the burden of proving which rests upon the party affirming its existence. The rule is applicable not only to one who would charge another as principal with the act of an alleged agent, or to one who would relieve himself from personal liability on the ground of agency, but is equally applicable to one who would relieve himself from liability on a contract because made by the other as agent. *Nicholson* v. *Pease*, 61 Vt. 534, 17 Atl. 720; *Soulter* v. *Stoeckle*, 6 Ohio Dec. 1054; *Cullers* v. *More*, 1 White & W. Civ. Cas. Ct. App. (Tex.) §197; *Curtis* v. *Scoles*, 1 Iowa 471; *Raas* v. *Sharp*, 46 Mont. 474, 128 Pac. 594; *Hall* v. *Passaic Water Co.*, 85 Atl. 349, 43 L. R. A. (N. S.) 750; 31 Cyc. 1643-1650 and cases cited.

It follows that where one beneficially interested in a contract, though made by him as agent, the contract containing apt words to bind the agent personally, seeks to enforce such contract in his own name, the other party to the contract, to defeat such action, must not only prove the fact of agency but must go further and show necessary facts to make the defence available—as for example, that the principal was disclosed and that the agreement was in fact between himself and the principal. Defendant's failure to show more than the mere fact of

agency leaves the agreement, as its terms import, a contract with an agent whose principal was undisclosed and so subject to the rule governing such contracts.

It is a well settled rule of law that where an agent acts for an undisclosed principal the agent becomes personally bound on the contract and is individually liable thereon to the other party. As a corollary to this rule, an action may be brought in the name of either the agent or the principal for the breach of such a contract by the other party, or at least the agent may sue in his own name when he is beneficially interested in the contract. *Holden* v. *Rutland Railroad Co.,* 73 Vt. 317, 50 Atl. 1096; *Lapham* v. *Green,* 9 Vt. 407; *Shelby* v. *Burrow,* 89 S. W. 464, 1 L. R. A. (N. S.) 303 and note, 6 Ann. Cas. 554. This rule works no injustice to the other party to the contract, since he may avail himself of all defences that are good either against the agent or the principal. *Holden* v. *Rutland Railroad, supra.*

The cases cited by the defendant's counsel to this point do not support his contention, as in each the principal was disclosed and had the legal interest in the contract.

The contract by the defendant in terms imports to be an agreement with the plaintiff personally; though in fact acting for the Orange County Telephone Company, so far as appears the plaintiff's principal was undisclosed; the plaintiff ordered and personally paid for the materials and performed the labor required by the contract, and so was beneficially interested in it. In these circumstances he is entitled to support an action upon the contract in his own name and should have had judgment below for the sum found by the referee.

*Judgment reversed and judgment for the plaintiff for $32 with interest from Oct. 28, 1903.*